IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

WANDA VALENCIA and MARK      )    CIVIL 10-00558 LEK-RLP
VALENCIA,                    )
                             )
          plaintiffs,        )
                             )
     vs.                     )
                             )
CARRINGTON MORTGAGE SERVICES, )
LLC; DEUTSCHE BANK NATIONAL  )
TRUST COMPANY, AS TRUSTEE,   )
FOR CARRINGTON HOME EQUITY   )
LOAN TRUST, SERIES 2005-NC4  )
ASSET BACKED PASS THROUGH    )
CERTIFICATES; EQUITY         )
FINANCIAL GROUP OF HONOLULU, )
LLC; EQUITY FINANCIAL LLC;   )
BRAD B. KANESHIRO,           )
                             )
          Defendants.        )
_____ )

**ORDER GRANTING: (1) DEFENDANTS CARRINGTON MORTGAGE SERVICES, LLC AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT FILED 09/14/12 AS AGAINST MOVANTS; AND (2) DEFENDANTS EQUITY FINANCIAL GROUP OF HONOLULU, LLC, EQUITY FINANCIAL, LLC, AND BRAD B. KANESHIRO'S MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT FILED ON SEPTEMBER 14, 2012**

Before the Court are: (1) Defendants Carrington Mortgage Services, LLC ("CMS") and Deutsche Bank National Trust Company, as Trustee for Carrington Home Equity Loan Trust, Series 2005-NC4 Asset Backed Pass-through Certificates' ("DBNT") Motion to Dismiss The Fourth Amended Complaint filed 09/14/12 as Against Movants ("Carrington Motion"), filed on September 28, 2012; and (2) Defendants Equity Financial Group of Honolulu, LLC ("Equity

Honolulu"), Equity Financial, LLC ("Equity Financial"), and Brad

B. Kaneshiro's Motion to Dismiss The Fourth Amended Complaint

Filed on September 14, 2012 ("Equity Financial Motion"), filed on

September 28, 2012.  Plaintiffs Wanda Valencia and Mark Valencia

("Plaintiffs"), who are represented by counsel, did not file a

memorandum in opposition to either motion.  Defendants CMS and

DBNT filed a Statement of No Position regarding the Equity

Financial Motion on December 20, 2012.  The Court finds these

matters suitable for disposition without a hearing pursuant to

Rule LR7.2(d) of the Local Rules of Practice of the United States

District Court for the District of Hawai`i ("Local Rules").

After careful consideration of the motions, supporting memoranda,

and the relevant legal authority, both motions are HEREBY GRANTED

for the reasons set forth below.

**BACKGROUND**

I.   **Factual Background**

Plaintiffs filed their original Complaint on September

29, 2010.  Their Third Amended Complaint was dismissed with leave

to amend by United States Senior District Judge David Alan Ezra

on August 1, 2012 ("8/1/12 Order").[1]  [Dkt. no. 154.]  Plaintiffs

filed their Fourth Amended Complaint on July 30, 2012.  [Dkt. no.

158.]

---

[1] This case was reassigned to this Court on September 18, 2012.  [Dkt. no. 160.]

Plaintiffs sought financing to purchase the subject property located at 45-531B Halekou Road, Kaneohe, Hawai'i 96744 (the "Property"), in 2005.  They met with Kaneshiro in April 2005, and allege that they entered into a verbal agreement that he would act as their loan broker.  Equity Honolulu steered Plaintiffs to New Century Mortgage Corporation ("NCM") as a lender.  [Fourth Amended Complaint ¶¶ 15-17.]  On April 22, 2005, Plaintiffs executed a mortgage in favor of NCM, which was recorded in the Bureau of Conveyances on April 28, 2005, as Document No. 2005-084212. ("Mortgage").  That same day, Mr. Valencia executed two notes in favor of NCM: the first was a thirty-year Adjustable Rate Note in the amount of $516,000.00 ("Note"); the second note was for the remaining $129,000.00 and was paid in full through subsequent refinancing ("Second Note"). [Id. at ¶¶ 29-32.]  According to Plaintiffs, Equity Honolulu and NCM "obtained an appraisal of the Property, which inflated the value of the Property to be consistent with the amounts of the First Note and Second Note."  [Id. at ¶ 33.]

On July 12, 2007, CMS sent Mr. Valencia a Joint Notice of Assignment, Sale or Transfer of Servicing Rights, notifying him that the servicing rights to his loan were transferred from NCM to CMS effective July 1, 2007.  [Id. at ¶ 40.]  NCM endorsed and transferred the Note to Defendant Deutsche Bank National Trust Co. ("DBNT"), as Trustee for Carrington Home Equity Loan

3

Trust, and NCM also assigned the Mortgage to DBNT, as Trustee, by an Assignment of Mortgage recorded in the Bureau of Conveyances as Document No. 2010-053721.  DBNT is the current holder of the Note and Mortgage.  In a March 26, 2010 letter, CMS notified Plaintiffs of its intention to non-judicially foreclose due to non-payment.  On April 26, 2010, counsel for CMS sent a second notice of intent to foreclose.  On October 6, 2010, DBNT executed a release and discharge of its notice of foreclosure.

Plaintiffs assert the following claims in their Fourth Amended Complaint: Count I - breach of contract and constructive fraud against Equity Financial, Equity Honolulu, and Kaneshiro; Count II - violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e) ("FDCPA"), against DBNT and CMS; Count III - violation of federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"), against all Defendants; Count IV - violation of Haw. Rev. Stat. § 842-2 ("state RICO claims") against all Defendants; Count V - wrongful foreclosure, against CMS and DBNT; Count VI - breach of fiduciary duty, against Equity Financial, Equity Honolulu, and Kaneshiro and; Count VII - negligence, against Equity Financial, Equity Honolulu, and Kaneshiro.

## II.  **Carrington Motion**

CMS, the loan servicer, and DBNT, the current holder of the Note, move to dismiss all of the claims against them, and

seek an order expunging any Notices of Pendency of Action,
including the Notice filed September 4, 2010, recorded in the
Bureau of Conveyances [dkt. no. 4 (Notice of Lis Pendens)].
[Motion at 1.]  They present evidence that the Note bears a
special endorsement from NCM to DBNT, and that the servicing
rights were transferred from NCM to CMS, effective July 1, 2007.
 [Mem. in Supp. of Carrington Motion at 2 (citing Note [dkt. no.
84-8]; Notice of Joint Assignment [dkt. no. 84-8]).]

    **A.**   **Count II - FDCPA**

       Movants first note that the FDCPA claim was dismissed
with prejudice as to CMS.  As for DBNT, they argue that it is not
a "debt collector," it has not engaged in any improper acts, and
Plaintiffs have not alleged actual damages.  [Id. at 5-6.]

    **B.**   **Counts III and IV - Federal and State RICO Claims**

       Next, movants argue that Plaintiffs have not cured the
defects in Counts III and IV that were identified in the previous
orders of dismissal in this case.  To the extent these claims are
based on fraud, movants argue that Defendants fail to plead them
with particularity or show that the alleged RICO violations were
the proximate cause of their injury, as noted in the 8/1/12
Order.  [Id. at 12-14.]

    **C.**   **Count V - Wrongful Foreclosure**

       Movants note that DBNT released and discharged the
notice of foreclosure, and there has been no foreclosure of the

Property.  They argue that state courts have not recognized a common law wrongful foreclosure cause of action, and that Plaintiffs do not allege any violation of Haw. Rev. Stat. Chapter 667.  [Id. at 26.]

## III.  **Equity Financial Motion**

Equity Financial seeks dismissal of the Fourth Amended Complaint without leave to amend, and argues that none of the previously noted defects have been cured.  [Mem. in Supp. of Equity Financial Motion at 1-4.]

### A.  **Claims Against Kaneshiro**

Kaneshiro argues that Plaintiffs again fail to allege facts that would plausibly suggest that he is liable as an alter-ego of Equity Financial or Equity Honolulu.  He asserts that the Fourth Amended Complaint does not allege specific facts that would support veil-piercing or alter-ego liability.  [Id. at 5-6.]

### B.  **Claims Against Equity Financial**

Next, Equity Financial argues that the claims against it should be dismissed because it did not exist at the time of the transaction.  It was first organized and registered on November 17, 2005, several months after Plaintiffs' loan had closed.  [Id. at 7 (citing Decl. of Counsel, Exh. A (DCCA Business Registration)).]

### C.  **Claims Against Equity Honolulu**

Equity Honolulu urges the dismissal of the Counts against it for failure to state claim.

### 1.   __Count I - Breach of Contract/Constructive Fraud__

Equity Honolulu notes that Plaintiffs' allegation that it breached an oral promise to find a mortgage that they could afford is vague and unenforceable.  To the extent Plaintiffs signed the Note and Mortgage agreeing to the stated terms, Equity Honolulu argues that they waived any breach of an oral promise. [__Id.__ at 9-10.]

To the extent Plaintiffs allege constructive fraud, Equity Honolulu argues that the vague allegations fail to state a claim.  It argues that Plaintiffs are responsible for the representations in the loan applications that they signed, and that they did not reasonably rely upon any misstatements made by others.  [__Id.__ at 11-12.]

### 2.   __Counts III and IV - Federal and State RICO Claims__

It next argues that Plaintiffs' civil RICO allegations are based on fraud, and fail to satisfy Rule 9(b).  Equity Honolulu also argues that the federal claims are time barred by the four-year state of limitations, which began to run from the April 2005 date of closing.  [__Id.__ at 16-17.]

### 3.   __Count VI - Breach of Fiduciary Duty__

Equity Honolulu contends that Plaintiffs fail to allege injuries, causation, and damages required to state a claim for

breach of fiduciary duty.  [<u>Id.</u> at 18.]

### 4. <u>Count VII - Negligence</u>

Next, it argues that Plaintiffs' negligence claims are time barred, and that Plaintiffs are not entitled to equitable tolling.  [<u>Id.</u> at 19-21.]

<u>STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for failure to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)); <u>see also</u> <u>Weber v. Dep't of Veterans Affairs</u>, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet – that the court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions."  <u>Iqbal</u>, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

Federal Rule of Civil Procedure 9(b) requires that

8

"[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The rule requires that a party make particularized allegations of the circumstances constituting fraud, including the "time, place, and content of the fraudulent representation." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1042 (9th Cir. 2010).

## DISCUSSION

The Court first notes that, although Plaintiffs are represented by counsel, they failed to file any opposition to the motions. The Court therefore treats the motions as unopposed. Second, the Court notes that the instant Fourth Amended Complaint is Plaintiffs' fifth attempt to state actionable claims relating to this loan transaction. In the 8/1/12 Order dismissing the Third Amended Complaint in its entirety, Senior Judge Ezra cautioned Plaintiffs as follows:

> The Court recognizes that it may be possible for Plaintiffs to state a claim for relief against the moving Defendants. Therefore, the Court DISMISSES the claims dismissed in this Order WITHOUT PREJUDICE and grants Plaintiffs one final opportunity to amend their Complaint. The Fourth Amended Complaint shall be filed by no later than forty-five (45) days from the filing of this Order. Failure to do so and to cure the pleading deficiencies identified above will result in dismissal of those claims with prejudice.

[8/1/12 Order at 26.]

## I.   Carrington Motion

### A.   Count II - FDCPA

9

This claim has already been dismissed with prejudice as to CMS.  As for DBNT, the Fourth Amended Complaint indicates that it purchased Plaintiffs' loan in 2005, which was prior to Plaintiffs' default in 2008.  [Fourth Amended Complaint at ¶¶ 36-37, 54.]  DBNT, which owned the loan at the time of default, was not attempting to collect a debt on behalf of another lender.  Accordingly,

> original lenders, creditors, mortgage servicing companies, and mortgage brokers generally do not qualify as "debt collectors."  See, e.g., Lyons v. Bank of Am., NA, 2011 WL 3607608, at *12 (N.D. Cal. Aug. 15, 2011) ("The FDCPA applies to those who collect debts on behalf of another; it does not encompass creditors who are collecting their own past due accounts."); Radford v. Wells Fargo Bank, 2011 WL 1833020, at *15 (D. Haw. May 13, 2011) (collecting cases stating that original lenders and mortgage servicing companies are not "debt collectors"); Sakugawa v. IndyMac Bank, F.S.B., 2010 WL 4909574, at *5 (D. Haw. Nov. 24, 2010) (dismissing FDCPA claim because the mortgage broker was not a "debt collector").

Long v. Deutsche Bank Nat. Trust Co., Cv. No. 10-00359 JMS/KSC, 2011 WL 5079586, at *14 (D. Hawai'i Oct. 24, 2011); see also Nool v. HomeQ Servicing, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) (quoting Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.")).

Because neither CMS nor DBNT qualify as "debt collectors," Plaintiffs fail to state a claim for violation of the FDCPA against them.  Count II is HEREBY DISMISSED WITH PREJUDICE.

**B.    Counts III and IV - Federal and State RICO Claims**

Next, movants argue that Plaintiffs have not cured the defects in Counts III and IV that were identified in the previous orders of dismissal in this case.  The district court's most recent order stated, in pertinent part:

> Since Plaintiffs' RICO claim is premised on allegations of fraud, it is subject to Rule 9(b)'s heightened pleading requirements.  See Lancaster Community Hospital v. Antelope Valley Hospital Dist., 940 F.2d 397, 405 (9th Cir. 1991) ("The Ninth Circuit has repeatedly insisted that this rule be followed in RICO actions alleging the predicate act of mail fraud."); see id. (holding that with respect to the predicate act of mail fraud, a plaintiff must allege with "particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme"). Plaintiffs' general allegations, devoid of reference to identities, time, date, and place, are insufficient to meet the heightened pleading requirements of Rule 9(b).  See McAnelly v. PNC Mortg., Civ. No. 10-02754 MCE-GGH, 2011 WL 6260537, at *7 (E.D. Cal. Dec. 15, 2011) (plaintiff's allegation that defendants used "intentional nondisclosure, fraud, and creation of fraudulent loan documents" to "perpetuate a fraud" had "not sufficiently tethered the specific conduct falling within RICO to the specific defendants in order to demonstrate a plausible claim."); Cross v. Wells Fargo Bank, N.A., Civ. No. 11-00447 AHM, 2011 WL 6136734, at * 9-10 (C.D. Cal. Dec.9, 2011) (finding the allegations that defendants' "use of intentional nondisclosure" and "creation of fraudulent loan documents" failed "to meet the particularity requirements for a RICO

claim because they fail to state the time, place, and specific content of the false representations.").

Moreover, even if Plaintiffs' allegations met Rule 9(b)'s heightened pleading requirements, Plaintiffs' claim would still fail because they have not adequately alleged that they suffered injury "by reason of" the alleged RICO violation. A claim under § 1962(c) of RICO, which forbids conducting or participating in the conduct of an enterprise's affairs through a pattern of racketeering activity, requires a showing that the alleged violation was not only the "but for" cause of plaintiff's injury, but also the proximate cause. Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 457 (2006). Compensable injury under the statute "is the harm caused by predicate acts sufficiently related to constitute a pattern." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 497 (1985). Plaintiffs allege that they suffered damages, including: (1) accelerated amounts demanded from CMS and [DBNT], (2) decreased market value of the Property, (3) detrimental effect to the marketability and financing of the Property, (4) clouded title of the Property, and (5) threats to the availability of Property insurance. (TAC ¶ 85.) However, the RICO violation alleged is wire and mail fraud and the direct victims of that fraud were the lending institutions and other entities that allegedly received the fraudulent documents. Moreover, as this Court has made clear in previous orders, the validity of the assignment and representations regarding the identity of the mortgagee do not affect Plaintiffs' obligation to pay back their loan. The Court therefore concludes that Plaintiffs' factual allegations do not raise a reasonable inference that Defendants' allegedly fraudulent scheme proximately caused Plaintiffs' injuries.

[8/1/12 Order at 17-19.]

Plaintiffs made no attempt to set forth additional factual allegations with respect to their allegations of fraud, as required by Fed. R. Civ. P. 9(b), or their Federal and State

RICO claims.  For the reasons set forth in the 8/1/12 Order, and
for the reasons stated in the Carrington Motion, Counts III and
IV are HEREBY DISMISSED WITH PREJUDICE.

    C.   **Count V - Wrongful Foreclosure**

        Count V alleges that none of the Defendants "had the
right to declare a default . . . or otherwise foreclose on the
Valencias' ownership interest in the Property.  Defendants were
neither the legal nor beneficial owner of the Note."  [Fourth
Amended Complaint at ¶ 93.]  They also repeat their "wet ink"
theory, which has been repeatedly rejected by this district
court.  [Id. at ¶ 94.]

        First, the Court notes that there has been no
foreclosure of the Property.  As the district court set forth in
a previous order:

> By letter dated March 26, 2010, CMS notified
> Plaintiffs of its intention to non-judicially
> foreclose due to non-payment.  (Croft Decl. ¶ 17;
> Doc. # 84-15.)  On April 26, 2010, counsel for CMS
> sent a second notice of intent to foreclose.
> (Doc. # 84-16.)  In response to an email from Mr.
> Valencia on April 28, 2010, counsel sent him
> verification of the debt.  (Doc. # 84-17.)
>
> On October 6, 2010, DBNT executed a release
> and discharge of its notice of foreclosure.  (Doc.
> # 84-18.)

[4/30/12 Order at 7 (dkt. no. 119).]

        To the extent Plaintiffs attempt to allege a common law
wrongful foreclosure claim, they fail to state a claim.  Hawai'i

courts have not specifically recognized a common law wrongful foreclosure cause of action. "Substantive wrongful foreclosure claims [in other jurisdictions] typically are available **after foreclosure** and are premised on allegations that the borrower was not in default, or on procedural issues that resulted in damages to the borrower." Cervantes v. Countrywide Home Loans, 656 F.3d 1034, 1043 (9th Cir. 2011) (emphasis added). Plaintiffs provide no other legal authority or actionable theory of liability for the wrongful foreclosure claim. Count V is HEREBY DISMISSED WITH PREJUDICE.

In sum, the Court HEREBY GRANTS the unopposed Carrington Motion in its entirety, and all of the claims against CMS and DBNT are DISMISSED WITH PREJUDICE.

## II. Equity Financial Motion

### A. Claims Against Kaneshiro

Kaneshiro argues that Plaintiffs fail to allege facts that would plausibly suggest that he is liable as an alter-ego of Equity Financial or Equity Honolulu. In the 8/1/12 Order, Senior Judge Ezra ruled as follows with respect to the claims against Kaneshiro:

> The only allegation in the complaint regarding Kaneshiro's purported alter ego status is that he "improperly dominated and disregarded the separate corporate forms of Defendants Equity Financial, commingling the assets of the corporate Defendants as his alter ego, agent and/or instrumentality, so that a unity of interest, ownership and control

14

have and presently exists amongst Defendants
Equity Financial and Kaneshiro."  (TAC ¶ 13.)
Plaintiff does not allege any facts to
substantiate this wholly conclusory allegation.
Plaintiff's bald assertion, devoid of any further
factual enhancement, is simply not sufficient to
support a claim based on an alter ego theory of
liability.  See Television Events & Mktg., Inc. v.
Amcon Dist. Co., 416 F. Supp. 2d 948, 963 (D. Haw.
2006) ("Courts have stated that a plaintiff may
not simply make 'conclusory allegations' to find
liability under an alter ego theory."); Neilson v.
Union Bank of California, 290 F. Supp. 2d 1101,
1116 (C.D. Cal. 2003) ("a plaintiff must allege
specifically both of the elements of alter ego
liability, as well as facts supporting each"); In
re Currency Conversion Fee Antitrust Litigation,
265 F. Supp. 2d 385, 426 (S.D.N.Y. 2003) ("These
purely conclusory allegations cannot suffice to
state a claim based on veil-piercing or alter-ego
liability, even under the liberal notice pleading
standard.").  Accordingly, the Court DISMISSES all
the claims alleged against Kaneshiro in the [Third
Amended Complaint].

[8/1/12 Order at 10-11.]

Plaintiffs again fail in their Fourth Amended Complaint

to cure the defects in their claims against Kaneshiro, despite

the district court's directions in the 8/1/12 Order.  The Claims

against Kaneshiro are HEREBY DISMISSED WITH PREJUDICE.

### B.    Claims Against Equity Financial

Next, Equity Financial argues that the claims against

it should be dismissed because it was first organized and

registered on November 17, 2005, several months after Plaintiffs'

loan had closed.  The Court notes that the Fourth Amended

Complaint is devoid of specific factual allegations as to Equity

Financial that suggest it is liable for the conduct alleged.

15

Plaintiffs allege only that Equity Financial "is a Hawaii limited liability company and is the alter ego and/or successor entity of [Equity Honolulu] by virtue of the identical ownership and management of the entities by Brad B. Kaneshiro." [Fourth Amended Complaint at ¶ 12.] In any event, because the Court concludes that Plaintiffs fail to state actionable claims against Kaneshiro and Equity Honolulu, for the same reasons, Plaintiffs fail to state a claim against Equity Financial. The Claims against Equity Financial are HEREBY DISMISSED WITH PREJUDICE.

## C. <u>Claims Against Equity Honolulu</u>

Equity Honolulu urges the dismissal of the claims against it for failure to state claim.

### 1. <u>Count I - Breach of Contract/Constructive Fraud</u>

To the extent Plaintiffs allege a breach of contract, the 8/1/12 Order previously disposed of the claim as follows:

> The Court concludes that these allegations are largely conclusory and fail to state a claim upon which relief can be granted. To allege breach of contract, the complaint must, at a minimum, cite the contractual provision allegedly violated. <u>See</u> <u>Otani v. State Farm Fire & Cas. Co.</u>, 927 F. Supp. 1330, 1335 (D. Haw. 1996) ("Generalized allegations of a contractual breach are not sufficient."). Plaintiff fails to allege even the basic elements of a breach of contract claim, much less factual allegations to support such a claim. <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949 (stating that Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"). The [Third Amended Complaint] does not identify: (1)

16

the contract at issue, (2) the parties to the
contract, (3) whether Plaintiffs performed under
the contract, and (4) the particular provision
that Defendants allegedly violated.  See
Rodenhurst v. Bank of America, 773 F. Supp. 2d
886, 898 (D. Haw. 2011).  Since Plaintiffs have
not even identified the contract at issue, it
follows that they also have not stated a claim for
the breach of an implied covenant of good faith
and fair dealing contained in any such contract.

[8/1/12 Order at 14.]  Plaintiffs failed to address these

shortcomings in their Fourth Amended Complaint.

To the extent Plaintiffs allege constructive fraud, the

district court has repeatedly directed Plaintiffs to plead their

fraud claims with particularity, which they have failed to do.

To the extent this Count is based on accusations that Equity

Honolulu falsified Plaintiffs' income information on the loan

application, this district court previously ruled as follows:

Here, Plaintiffs have not alleged that they relied
upon any alleged representations to their
detriment.  Indeed, it is unclear to the Court how
Mr. Valencia could have reasonably relied on
Equity Financial's alleged misrepresentation
regarding his own income and employment
information in the loan application, which was
presumably a representation to a third party, and
not to Plaintiffs.  See Newsom v. Countrywide Home
Loans, Inc., 714 F. Supp. 2d 1000, 1014 (N.D. Cal.
2010) (holding that plaintiff borrower could not
establish reliance for fraud claim because alleged
misstatement in loan application was made to the
lender, not to plaintiffs).

[8/1/12 Order at 20.]

Plaintiffs, again, fail to cure the shortcomings of

this claim.  For the reasons set forth in the 8/1/12 Order, and

for the reasons stated in the Equity Financial Motion, Count I is HEREBY DISMISSED WITH PREJUDICE as to Equity Honolulu.

### 2.    **Counts III and IV - Federal and State RICO Claims**

For the same reasons set forth above with respect to CMS and DBNT, Plaintiffs fail to state Federal and State RICO claims against Equity Honolulu.  Counts III and IV are HEREBY DISMISSED WITH PREJUDICE as to Equity Honolulu.

### 3.    **Count VI - Breach of Fiduciary Duty**

In the 8/1/12 Order, the district court dismissed Plaintiffs' breach of fiduciary duty claim as follows:

> Unlike lenders, brokers generally owe fiduciary duties to their clients. See, e.g., Ramos v. Chase Home Finance, 810 F. Supp. 2d 1125, 1140 n.13 (D. Haw. 2011); Mortensen v. Home Loan Ctr., Inc., 2009 WL 113483, at *4 (D. Ariz. Jan. 16, 2009) (citing cases indicating that mortgage brokers have fiduciary duties to their clients); Brewer v. Indymac Bank, 609 F. Supp. 2d 1104, 1119 (E.D. Cal. 2009) (same); cf. Han v. Yang, 931 P.2d 604, 614 (Haw. App. 1997) ("A real estate broker is a fiduciary and consequently must exercise the 'utmost good faith, integrity, honesty, and loyalty,' and must diligently uphold a legally imposed duty of due care.") (citations omitted).

> Accepting the allegations of the [Third Amended Complaint] as true, Equity Financial acted as Plaintiffs' mortgage broker and thus owed Plaintiffs a fiduciary duty.  Plaintiffs also allege that Equity Financial breached their fiduciary duty by failing to disclose material facts regarding the loan and deliberately falsifying information on Plaintiffs' loan application in order to qualify Plaintiffs for a high risk loan so that Equity Financial could earn a commission.  However, Count VIII nonetheless fails to state a claim for relief because Plaintiffs have not alleged any injuries caused by

Defendants' alleged breach of fiduciary duty.
[8/1/12 Order at 22.]

Equity Honolulu contends that the Fourth Amended Complaint still fails to sufficiently allege injuries caused by the alleged breach, and does not include specific facts that would establish when or why Plaintiffs' credit scores were damaged, or how such occurrence was related to Equity Honolulu's alleged breach. The Court agrees.

Although Plaintiffs now allege in a conclusory manner that "they have suffered numerous injuries, including but not limited to, a severe decrease in their FICO credit scores and downgrading of their creditworthiness," [Fourth Amended Complaint at ¶ 101,] they fail to allege when, why, or how their scores suffered as a result of Equity Honolulu's alleged breach, and how they suffered damages as a result. See BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., Inc., CIV. No. 09-00181 DAE-KSC, 2011 WL 2116989, 14-15 (D. Hawai'i May 25, 2011) (Dismissing fiduciary duty claim where the claimants "failed to plead how this alleged breach of fiduciary duty has resulted in injury to them" and "simply do not allege in any way that the breach of BlueEarth's fiduciary duty via Maez's conduct resulted in any injury."); Scribner v. Ally Bank, N.A., Civ. No. 11-3360 (SRN/JJG), 2012 WL 2999776, at *4 (D. Minn. July 6, 2012) ("Here, Plaintiff alleges loss of equity in his home and damage to his credit score. The

19

Court finds that Plaintiff has not connected any alleged misrepresentations as the cause of his damages . . . the collapse of the real estate market and Plaintiff's ensuing inability to meet his mortgage obligations intervened between the alleged misrepresentations and the damages.  Accordingly, the pleadings do not show that the alleged misrepresentations were the proximate cause of Plaintiff's damages, and his claim fails.").

Instead, the Fourth Amended Complaint contains vague allegations and mere labels and conclusions, which are insufficient to withstand a motion to dismiss.  Further, to the extent this claim relies on allegations of fraud, Plaintiffs fail to plead fraud with particularity as discussed above.  For these reasons, and for the reasons set forth in the 8/1/12 Order, Count VI is HEREBY DISMISSED WITH PREJUDICE as to Equity Honolulu.

### 4.   Count VII - Negligence

The basis for Plaintiffs' negligence claim is the Defendants' alleged misstatements in Plaintiffs' loan application.  Equity Honolulu argues that Plaintiffs' negligence claims are time barred, and that Plaintiffs are not entitled to equitable tolling.  In the 8/1/12 Order, the district court dismissed the negligence claims, concluding that Plaintiffs had not sufficiently alleged facts to support equitable tolling.

> Plaintiffs have not demonstrated a basis for
> equitable tolling of their claim.  Equitable
> tolling applies "where, despite all due diligence,
> the party invoking equitable tolling is unable to

20

obtain vital information bearing on the existence of the claim." <u>Cervantes v. Countrywide Home Loans, Inc.</u>, 656 F.3d 1034, 1045 (9th Cir. 2011) (quoting <u>Socop-Gonzalez v. I.N.S.</u>, 272 F.3d 1176, 1193 (9th Cir. 2001)); <u>see also</u> <u>O'Donnell v. Vencor Inc.</u>, 466 F.3d 1104, 1112 (9th Cir. 2006) ("Equitable tolling is generally applied in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.") (internal quotation marks omitted). Plaintiffs argue in their Opposition brief that their negligence claim should be tolled because "information was concealed." However, the [Third Amended Complaint] does not allege any facts indicating that the Equity Defendants and/or Kaneshiro concealed the alleged misrepresentations in Plaintiffs' loan application that form the basis of Plaintiffs' negligence claim. Plaintiffs also have not alleged any circumstances beyond their control that prevented them from reviewing the loan documents that they received and signed. <u>See e.g.</u>, <u>Hubbard v. Fidelity Fed. Bank</u>, 91 F.3d 75, 79 (9th Cir. 1996) (per curiam) (declining to toll TILA's statute of limitations when "nothing prevented [the mortgagor] from comparing the loan contract, [the lender's] initial disclosures, and TILA's statutory and regulatory requirements"). Accordingly, reading the TAC with the required liberality, the Court concludes that Plaintiffs' allegations "would not permit the plaintiff[s] to prove that the statute was tolled." <u>Cervantes</u>, 656 F.3d at 1045.

[8/1/12 Order at 24-25.]

The Fourth Amended Complaint does not cure the defects previously identified in Plaintiffs' equitable tolling allegations. They do not allege any circumstances beyond their control that prevented them from reviewing the loan documents that they received and signed. <u>Id.</u> at 25; <u>see also</u> <u>Mills v.</u>

<u>Equicredit Corp.</u>, 294 F. Supp. 2d 903, 909 (E.D. Mich. 2003) (declining to equitably toll the limitations period because "Plaintiffs could have discovered the terms of the loans by reading the loan documents"). Further, where the basis for equitable tolling is fraudulent concealment, the circumstances amounting to fraud must be alleged with particularity, which Plaintiffs fail to do. Count VII is HEREBY DISMISSED WITH PREJUDICE as to Equity Honolulu.

In sum, the Court HEREBY GRANTS the unopposed Equity Financial Motion in its entirety, and all of the claims against Kaneshiro, Equity Financial, and Equity Honolulu are DISMISSED WITH PREJUDICE.

## CONCLUSION

On the basis of the foregoing, (1) Defendants Carrington Mortgage Services, LLC and Deutsche Bank National Trust Company's Motion to Dismiss The Fourth Amended Complaint filed 09/14/12 as Against Movants; and (2) Defendants Equity Financial Group of Honolulu, LLC, Equity Financial, LLC, and Brad B. Kaneshiro's Motion to Dismiss The Fourth Amended Complaint Filed on September 14, 2012, both filed on September 28, 2012, are HEREBY GRANTED. Plaintiffs' Fourth Amended Complaint is DISMISSED WITH PREJUDICE. The Clerk's Office is directed to close this case.

IT IS SO ORDERED.

22

DATED AT HONOLULU, HAWAII, January 29, 2013.



      /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

WANDA VALENCIA V. CARRINGTON MORTGAGE SERVICES; CIVIL NO. 10-
00558 LEK-RLP; ORDER GRANTING: (1) DEFENDANTS CARRINGTON MORTGAGE
SERVICES, LLC AND DEUTSCHE BANK NATIONAL TRUST COMPANY; MOTION TO
DISMISS THE FOURTH AMENDED COMPLAINT FILED 9/14/13 AS AGAINST
MOVANTS; AND (2) DEFENDANTS EQUITY FINANCIAL GROUP OF HONOLULU,
LLC, EQUITY FINANCIAL, LLC, AND BRAD B,. KANESHIRO'S MOTION TO
DISMISS THE COURT AMENDED COMPLAINT FILED ON SEPTEMBER 14 2012