IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WANDA VALENCIA AND MARK VALENCIA,<br><br>            Plaintiffs,<br><br>      vs.<br><br>CARRINGTON MORTGAGE SERVICES, LLC, ET AL.<br><br>            Defendants. | ) CIVIL NO. 10-00558 LEK-RLP<br>)<br>) FINDINGS AND RECOMMENDATION TO<br>) (1) GRANT IN PART AND DENY IN<br>) PART DEFENDANTS EQUITY FINANCIAL<br>) GROUP OF HONOLULU, LLC, EQUITY<br>) FINANCIAL, LLC AND BRAD B.<br>) KANESHIRO'S REQUEST FOR TAXATION<br>) OF COSTS; AND (2) GRANT IN PART<br>) AND DENY IN PART DEFENDANT<br>) CARRINGTON MORTGAGE SERVICES,<br>) LLC AND DEUTSCHE BANK NATIONAL<br>) TRUST COMPANY'S BILL OF COSTS |

FINDINGS AND RECOMMENDATION TO (1) GRANT IN PART AND DENY IN PART DEFENDANTS EQUITY FINANCIAL GROUP OF HONOLULU, LLC, EQUITY FINANCIAL, LLC AND BRAD B. KANESHIRO'S REQUEST FOR TAXATION OF COSTS; AND (2) GRANT IN PART AND DENY IN PART DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC AND DEUTSCHE <u>BANK NATIONAL TRUST COMPANY'S BILL OF COSTS</u>[1]

Before the Court is (1) Defendants Equity Financial Group of Honolulu, LLC, Equity Financial, LLC, and Brad B. Kaneshiro's ("Equity Defendants") Request for Taxation of Costs filed on February 12, 2013 (ECF No. 171); and (2) Defendants Carrington Mortgage Services, LLC and Deutsche Bank National Trust Company's ("Bank Defendants") Bill of Costs, filed February 13, 2013 (ECF No. 174).  Plaintiffs filed their Objections on April 15, 2013.  See ECF Nos. 195, 197.  These matters are

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

suitable for disposition without a hearing pursuant to Local Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  After a review of the parties' submissions and the relevant authority, the Court FINDS and RECOMMENDS that the Equity Defendants' Request for Taxation of Costs be GRANTED IN PART and DENIED IN PART and that the Bank Defendants' Bill of Costs be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

On January 29, 2013, the court granted the Defendants' Motions to Dismiss the Fourth Amended Complaint with prejudice.  ECF No. 168.  On January 30, 2013, the court issued Judgment in favor of Defendants.  ECF No. 169.  The present Request for Taxation of Costs and Bill of Costs followed.

## DISCUSSION

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Plaintiffs concede that Defendants are the prevailing parties in this action.  Although courts have discretion to award costs pursuant to Rule 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920.  Plaintiffs raise three issues in their Objections, which are addressed below.

### 1. Deposition Transcript Costs

Section 1920(2) allows for the taxation of deposition transcript costs "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Local Rule 54.2(f)(2) provides that a deposition transcript need not be used at trial or introduced in evidence, but only that at the time the deposition was taken "it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery." LR54.2(f)(2).

Here, the Equity Defendants and the Bank Defendants request costs for Plaintiffs' deposition transcripts. ECF No. 171-1 at 4-5; ECF No. 174-2 at 4. Defendants assert that it was reasonably expected that these depositions would be necessary for trial preparation. Id. Plaintiffs argue that the costs for these deposition transcripts are not taxable because these depositions were not necessary for use in filing or arguing the motions to dismiss, they were not used by Defendants, and the costs are not reasonable because there is a discrepancy in the costs requested for the same transcripts. ECF No. 195 at 2; ECF No. 197 at 2-3.

Based on a review of the record in this case and the applicable authority, the Court FINDS that it is entirely reasonable to expect that the deposition transcripts of Plaintiffs would be used by Defendants for trial preparation in

this case.  Although the deposition transcripts were not used in support of the motions to dismiss, they were used to support the Bank Defendants' motion for summary judgment.  See ECF Nos. 84-4, 84-26.  As noted in Local Rule 54.2(f)(2), there is no requirement that the transcripts be introduced in evidence.  Additionally, the "discrepancy" in the costs requested noted by Plaintiffs is explained by reference to the invoices attached to the Request for Taxation of Costs and Bill of Costs.  See ECF Nos. 174-5, 171-4, 171-5, 171-6.  The Bank Defendants obtained originals plus one copy of the transcripts; the Equity Defendants only obtained copies, which explains why the Bank Defendants request a higher amount of costs for these transcripts.  See id.  The Court FINDS that Defendants have demonstrated that the cost for Plaintiffs' deposition transcripts were necessarily obtained for use in the case and are taxable.

### 2. Copying Costs

Section 1920(4) allows for the taxation of costs for copying papers "necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  Local Rule 54.2(f)(4) specifies that the requesting party must "submit[] an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied."  LR54.2(f)(4).  Local Rule 54.2(f)(4) also states that the cost of copies "obtained for the use and/or convenience of the party

seeking recovery and its counsel is not taxable." LR54.2(f)(4).

Plaintiffs challenge the internal copying costs requested by the Equity Defendants. ECF No. 195 at 2-3; ECF No. 171-1 at 5. Based on the information provided by the Equity Defendants, many of the internal copies made were of "client files" to be used by the Equity Defendants "for trial preparation and fact investigation." See ECF No. 171-1 at 5. Under Local Rule 54.2(f)(4), such costs are not taxable. The Court FINDS that the Equity Defendants are not entitled to $10.40 in copying costs requested.

### 3. Costs to Obtain Documents from State Court and the Bureau of Conveyances

As noted above, Section 1920(4) allows for the taxation of costs for copying papers "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Plaintiffs challenge two sets of documents obtained by the Bank Defendants. First, Plaintiffs assert that the costs for documents obtained from the Circuit Court of the First Circuit, State of Hawaii, should not be allowed. ECF No. 197 at 3. Plaintiffs note that these documents are related to a prior legal action between the Plaintiffs. Id. Plaintiffs assert that the Bank Defendants have failed to demonstrate why these copies were necessarily obtained for use in this case. Id. The Bank Defendants state that the documents obtained were used in support of their motion for summary

judgment.  See ECF No. 174-3 at 3 (citing ECF No. 84-10).  Based on the Bank Defendants' use of these documents in support of their motion for summary judgment, the Court FINDS that the Bank Defendants have sufficiently demonstrated that these copies were necessarily obtained for use in the case.  See ECF No. 83-1 at 4; ECF No. 84 at 3.

Second, Plaintiffs challenge the costs for two documents obtained from the Bureau of Conveyances.  ECF No. 197 at 3.  Plaintiffs assert that the Bank Defendants have failed to identify what documents were obtained and include an unrelated document in their cost request.  Id.  The Bank Defendants state that the two unidentified documents obtained from the Bureau of Conveyances were "referenced as an exhibit" during the deposition of Plaintiff Mark Valencia.  ECF No. 174-3 at 3.  It appears from that deposition excerpt, that Mr. Valencia was asked three questions regarding an apartment deed that does not appear to be related to this case.  See ECF No. 84-4 at 3.  Contrary to Plaintiffs' assertions, the Bank Defendants did not include the cost of an unrelated document in their request.  See ECF No. 174-6 at 2.[2]  The Court FINDS that the Bank Defendants have failed to demonstrate that the costs requested related to the documents

---

[2] Although the invoice provided by the Bank Defendants reflects a total of $28.27 for three documents obtained from the Bureau of Conveyances, the Bank Defendants only request costs for two documents ($18.85).  See ECF Nos. 174, 174-6.

obtained from the Bureau of Conveyances were necessarily obtained for use in this case and FINDS that the Bank Defendants are not entitled to such costs.

## CONCLUSION

The Court RECOMMENDS that the district court (1) GRANT the Equity Defendants' request for $2,467.85[3] in costs and DENY the remaining costs requested; and (2) GRANT the Bank Defendants' request for $2,976.47[4] in costs and DENY the remaining costs requested.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, APRIL 18, 2013.



Richard L. Puglisi
United States Magistrate Judge

**VALENCIA, ET AL. V. CARRINGTON MORTG. SERVS., LLC, ET AL.,; CIVIL NO. 10-00558 LEK-RLP; FINDINGS AND RECOMMENDATION TO (1) GRANT IN PART AND DENY IN PART DEFENDANTS EQUITY FINANCIAL GROUP OF HONOLULU, LLC, EQUITY FINANCIAL, LLC AND BRAD B. KANESHIRO'S REQUEST FOR TAXATION OF COSTS; AND (2) GRANT IN PART AND DENY IN PART DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S BILL OF COSTS**

---

[3] $2,478.25 requested - $10.40 in copying costs = $2,467.85.

[4] $2,995.32 requested - $18.85 in costs for documents obtained from the Bureau of Conveyances = $2,976.47.