IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WANDA VALENCIA AND MARK VALENCIA, | ) ) | CIVIL NO. 10-00558 LEK-RLP |
| | ) | FINDINGS AND RECOMMENDATION TO |
| Plaintiffs, | ) | (1) GRANT IN PART AND DENY IN |
| | ) | PART DEFENDANTS EQUITY FINANCIAL |
| vs. | ) | GROUP OF HONOLULU, LLC, EQUITY |
| | ) | FINANCIAL, LLC AND BRAD B. |
| CARRINGTON MORTGAGE SERVICES, | ) | KANESHIRO'S MOTION FOR |
| LLC; ET AL., | ) | ATTORNEYS' FEES; AND (2) GRANT |
| | ) | IN PART AND DENY IN PART |
| Defendants. | ) | DEFENDANT CARRINGTON MORTGAGE |
| | ) | SERVICES, LLC AND DEUTSCHE BANK |
| | ) | NATIONAL TRUST COMPANY'S MOTION |
| | ) | FOR AWARD OF ATTORNEYS' FEES |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO (1) GRANT IN PART AND DENY IN
PART DEFENDANTS EQUITY FINANCIAL GROUP OF HONOLULU, LLC, EQUITY
FINANCIAL, LLC AND BRAD B. KANESHIRO'S MOTION FOR ATTORNEYS'
FEES AND (2) GRANT IN PART AND DENY IN PART DEFENDANT CARRINGTON
MORTGAGE SERVICES, LLC AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S
MOTION FOR AWARD OF ATTORNEYS' FEES[1]

Two motions for attorneys' fees are before the Court:

(1) Defendants Equity Financial Group of Honolulu, LLC, Equity

Financial, LLC, and Brad B. Kaneshiro's ("Equity Defendants")

Motion for Attorneys' Fees, filed on February 12, 2013; and (2)

Defendants Carrington Mortgage Services, LLC ("CMS") and Deutsche

Bank National Trust Company's ("DBNT") (collectively "Bank

Defendants") Motion for Award of Attorneys' Fees, filed February

_____

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1)(B), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

13, 2013.  ECF No. 170.  After their request for an extension of
time was granted, Plaintiffs filed oppositions to the Motions on
April 15, 2013.  See ECF Nos. 194, 196.  The Bank Defendants
filed their Reply on April 26, 2013.  ECF No. 201.  The Equity
Defendants filed their Reply on April 29, 2013.  ECF No. 202.
This matter is suitable for disposition without a hearing
pursuant to Rule 54.3(f) of the Local Rules of Practice of the
United States District Court for the District of Hawaii.  After
carefully reviewing the parties' submissions and the relevant
legal authority, the Court FINDS AND RECOMMENDS (1) that the
Equity Defendants' Motion be GRANTED IN PART and DENIED IN PART
and (2) that the Bank Defendants' Motion be GRANTED IN PART and
DENIED IN PART for the reasons set forth below.

BACKGROUND

        Because the Court and the parties are familiar with the
history of this case, the Court will provide only the basic
background facts and procedural history.  In 2005, Plaintiffs
sought financing to purchase a home in Kaneohe, Hawaii.  ECF No.
158 ¶ 15.  Plaintiffs met with Mr. Kaneshiro and allegedly
entered into a verbal agreement for Mr. Kaneshiro to act as their
broker.  Id. ¶ 16.  With the Equity Defendants' assistance,
Plaintiffs executed a mortgage in favor of New Century Mortgage
Corporation.  Id. ¶ 31.  Mr. Valencia executed a thirty-year
adjustable rate note for $516,000.  Id. ¶ 29.

2

In 2007, CMS notified Mr. Valencia that the servicing rights to the note were transferred from New Century Mortgage Corporation to CMS.  Id. ¶ 40.  DBNT is the current holder of the note and mortgage.  ECF No. 119 at 5.  In 2010, DBNT notified Plaintiffs of its intention to non-judicially foreclose due to non-payment.  ECF No. 158 ¶ 59.  Later in 2010, DBNT executed a release and discharge of its notice of foreclosure.  ECF No. 84-18.

Plaintiffs filed five complaints in this action. Plaintiffs filed their original Complaint on September 29, 2010. ECF No. 1.  Before Defendants responded to the original Complaint, Plaintiffs filed a First Amended Complaint on April 21, 2011.  ECF No. 23.  Pursuant to a stipulation, Plaintiffs filed their Second Amended Complaint on May 20, 2011.  ECF No. 34-9.  The Bank Defendants moved for summary judgment on the Second Amended Complaint.  ECF No. 83.  The court granted in part and denied in part the Bank Defendants' motion, giving Plaintiffs leave to amend certain claims.  ECF No. 119.  Plaintiffs filed a Third Amended Complaint on May 30, 2012.  ECF No. 130.  The court granted the Equity Defendants' motion to dismiss the Third Amended Complaint and gave Plaintiffs a final opportunity to amend their claims.  ECF No. 154.  Plaintiffs filed a Fourth Amended Complaint on September 14, 2012.  ECF No. 158.  On January 29, 2013, the court granted the Defendants' motions to

3

dismiss the Fourth Amended Complaint with prejudice.  ECF No.
168.  On January 30, 2013, the court issued Judgment in favor of
Defendants.  ECF No. 169.  The present Motions followed.

DISCUSSION

I.  <u>Entitlement to Attorneys' Fees</u>

     A federal court sitting in diversity must apply state
law in determining whether the prevailing party is entitled to an
award of attorneys' fees.  <u>See</u> <u>Farmers Ins. Exch. v. Law Offices</u>
<u>of Conrado Joe Sayas, Jr.</u>, 250 F.3d 1234, 1236 (9th Cir. 2001).
Under Hawaii law, "attorneys' fees cannot be awarded as damages
or costs unless so provided by statute, stipulation, or
agreement."  <u>Stanford Carr Dev. Corp. v. United House, Inc.</u>, 111
Haw. 286, 305, 141 P.3d 459, 478 (Haw. 2006) (citation and
quotation marks omitted).

     Defendants assert that they are the prevailing parties
in this action and are entitled to attorneys' fees under two
provisions of Hawaii Revised Statute Section 607-14.  First,
Defendants seek an award of attorneys' fees under the provision
in Section 607-14 that provides that attorneys' fees must be
awarded to the prevailing party in all actions in the nature of
assumpsit.  Haw. Rev. Stat. § 607-14.  Second, the Bank
Defendants alternatively seek an award of fees under the
provision in Section 607-14 that provides that fees shall be
awarded "in all actions on a . . . contract in writing that

4

provides for an attorney's fee."   Id.

### A.   Defendants Are the Prevailing Parties.

In order to obtain attorneys' fees under Section 607-14, Defendants must first show that they are the prevailing parties.   To be deemed the prevailing parties for purposes of Section 607-14, Defendants must have obtained a final judgment in their favor.   See MFD Partners v. Murphy, 9 Haw. App. 509, 514, 850 P.2d 713, 716 (Haw. 1992); Village Park Cmty. Ass'n v. Nishimura, 108 Haw. 487, 503, 122 P.3d 267, 283 (Haw. Ct. App. 2005) (citation omitted).   The judgment need not result from a ruling on the merits.   Ranger Ins. Co. v. Hinshaw, 103 Haw. 26, 31, 79 P.3d 119, 124 (Haw. 2003) (quoting Wong v. Takeuchi, 88 Haw. 46, 49, 961 P.2d 611, 614 (Haw. 1998)).   The Court entered final judgment in Defendants' favor after the Fourth Amended Complaint was dismissed with prejudice.   ECF No. 169. Accordingly, Defendants are the prevailing parties.

### B.   Some of the Claims Asserted Against the Defendants Are in the Nature of Assumpsit.

Section 607-14 "provides that reasonable fees, as determined by the court, shall be taxed against the losing party 'in all actions in the nature of assumpsit.'"   Blair v. Ing, 96 Haw. 327, 329, 31 P.3d 184, 186 (Haw. 2001) (quoting Haw. Rev. Stat. § 607-14).   "Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a

contract, either express or implied, written or verbal, as well as quasi contractual obligations." 808 Dev., LLC v. Murakami, 111 Haw. 349, 366, 141 P.3d 996, 1013 (Haw. 2006) (citation, emphases, and quotation marks omitted). "Under Hawaii case law, an action in the nature of assumpsit includes 'all possible contract claims.'" Helfand v. Gerson, 105 F.3d 530, 537 (9th Cir. 1997)(citation omitted). However, the mere fact that a claim "relate[s] to a contract between the parties does not render a dispute between the parties an assumpsit action." TSA Int'l, Ltd. v. Shimizu Corp., 92 Haw. 243, 264, 990 P.2d 713, 734 (Haw. 1999).

The court must examine "the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought" to determine whether an action is in the nature of assumpsit. Blair, 96 Haw. at 332, 31 P.3d at 189. "Where there is doubt as to whether an action is in assumpsit or in tort, there is a presumption that the suit is in assumpsit." Id. Although the court looks to the substance of the entire pleading, it must also "determine whether each individual claim alleged in a complaint sounds in assumpsit or tort and apportion fees between the assumpsit and non-assumpsit claims if practicable." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 885 (9th Cir. 2000).

6

### 1.  Claims Against the Equity Defendants

Five counts were asserted against the Equity Defendants in the Fourth Amended Complaint:  Count I - Breach of Contract / Breach of Covenant of Good Faith and Fair Dealing / Constructive Fraud; Count III - Violation of Federal Racketeer Influenced and Corrupt Organizations ("RICO") Act; Count IV - Violation of State RICO Act; Count VI - Breach of Fiduciary Duty; and Count VII - Negligence.  ECF No. 158 at 21-37.  As discussed in detail below, the Court finds that the claim for breach of contract / breach of the covenant of good faith and fair dealing is in the nature of assumpsit.  The remaining claims asserted against the Equity Defendants are not in the nature of assumpsit.

### a.  Count I for Breach of Contract/Breach of Covenant of Good Faith and Fair Dealing is in the Nature of Assumpsit.

The Equity Defendants contend that Count I of the Fourth Amended Complaint asserted a claim that is in the nature of assumpsit.  The Court agrees.  Count I alleged that the Equity Defendants "entered into a verbal agreement" with Plaintiffs that the Equity Defendants "would act as their loan broker and find for [Plaintiffs] a suitable mortgage lender and a mortgage loan on prevailing market terms that would be affordable to [Plaintiffs]."  ECF No. 158 ¶ 16.  Plaintiffs alleged that the Equity Defendants "breached all of these terms and conditions and covenants of the oral contract and Plaintiffs were harmed because

7

they could not sustain the predatory loan terms they were provided." Id. ¶ 67.  In granting summary judgment on this claim, the court determined that Plaintiffs failed to identify the contract at issue, the parties to the contract, whether Plaintiffs performed under the contract, and the particular provision that the Equity Defendants allegedly violated.  ECF No. 168 at 16-17.  Based on the allegations of the Fourth Amended Complaint, the Court finds that Plaintiffs' breach of contract claim against the Equity Defendants is in the nature of assumpsit.

**b.   None of the Other Claims Asserted Against the Equity Defendants in the Fourth Amended Complaint are in the Nature of Assumpsit.**

In their Motion, the Equity Defendants appear to concede that the other claims asserted against them are non-assumpsit claims.  See ECF No. 170-1 at 7-8.  However, for the first time in their Reply, the Equity Defendants argue that Plaintiffs' breach of fiduciary duty claim and constructive fraud claim are also in the nature of assumpsit.  See ECF No. 5-6. Even assuming that this argument was properly raised and not waived by the Equity Defendants, (see Local Rule 7.4), the Court finds that these claims are not in the nature of assumpsit.

The Equity Defendants assert that the claims for breach of fiduciary duty and constructive fraud are in the nature of

assumpsit because they were "based upon the breach of contractual obligations." ECF No. 202 at 5. In granting summary judgment in favor of the Equity Defendants, the court determined that Plaintiffs had failed to identify the contract at issue or any particular provision of the contract. ECF No. 168 at 16-17. Absent such allegations, there is no indication that Plaintiffs' fiduciary duty claim was based on a breach of "contractual obligations" as argued by the Equity Defendants. In fact, the court held that the fiduciary relationship between the Equity Defendants and Plaintiffs was based on their broker-client relationship, not on any contractual obligation. ECF No. 168 at 18. Here, the fiduciary duties allegedly breached by the Equity Defendants arose as a matter of law from their broker-client relationship with Plaintiffs. See ECF No. 168 at 18. Under Hawaii law, a "breach of fiduciary duty claim sounds in tort where the duties allegedly arise as a matter of law from the fiduciary relationship between [the parties] and not from a contractual agreement." Kona Enters., 229 F.3d at 886 (citing TSA, 92 Haw. at 263-64, 990 P.2d at 733-34). Under the circumstances of this case, the Court finds that the breach of fiduciary duty asserted against the Equity Defendants sounds in tort.

Finally, the remaining claims asserted against the Equity Defendants are non-assumpsit. Plaintiffs' claims for

violations of the federal and state RICO Acts are statutory.

Plaintiffs' claim for negligence sounds in tort.  See Helfand,

105 F.3d at 537 ("There is no doubt that the first claim,

alleging negligence, is a tort claim.").  In conclusion, only one

of the five claims asserted against the Equity Defendants in the

Fourth Amended Complaint is in the nature of assumpsit

### c. Apportionment is Practicable and Necessary.

When a case involves both assumpsit and non-assumpsit

claims, "a court must base its award of fees, if practicable, on

an apportionment of the fees claimed between assumpsit and

non-assumpsit claims."  TSA, 92 Haw. at 264, 990 P.2d at 734

(citation omitted).  In conducting this analysis, courts must

determine whether each individual claim alleged in the complaint

sounds in assumpsit and apportion fees between the assumpsit and

non-assumpsit claims if practicable.  Kona Enters., 229 F.3d at

885.  However, in some cases it may be impracticable or

impossible to apportion fees if the non-assumpsit claims are

derived from the alleged contract or the non-assumpsit claims are

inextricably linked to the contract claim.  See, e.g., Blair, 96

Haw. at 333, 31 P.3d at 190.

The Equity Defendants assert apportionment would be

impracticable because the non-assumpsit claims are "inextricably

intertwined" with Plaintiffs' breach of contract claim against

the Equity Defendants.  ECF No. 170-1 at 7-8; ECF No. 202 at 6-8.

The Court disagrees.  The Court finds that apportionment is both practicable and necessary.  The non-assumpsit claims asserted against the Equity Defendants are not inextricably intertwined with the breach of contract claim.  Importantly, Plaintiffs did not assert a breach of contract claim against the Equity Defendants until the Third Amended Complaint.  See ECF No. 130 at 19-20.  In Plaintiffs' three prior complaints, Plaintiffs asserted many of the same non-assumpsit claims against the Equity Defendants including federal and state RICO Act violations, breach of fiduciary duty, and negligence.  See, e.g., ECF No. 1 at 19-21 (breach of fiduciary duty and negligence); ECF No. 23 at 55-57, 63-64 (breach of fiduciary duty and negligence); ECF No. 34-9 at 49-54, 59-60 (federal and state RICO violations, breach of fiduciary duty, and negligence).  This demonstrates that the non-assumpsit claims were not derivative of the assumpsit claims.  Additionally, as discussed above, the breach of fiduciary duty claim was based on the duty owed to Plaintiffs because of their broker-client relationship, not because of a contract.  See ECF No. 154 at 22-27 (citing cases for the proposition that "broker generally owe fiduciary duties to their clients" and stating that the Equity Defendants "acted as Plaintiffs' mortgage broker and thus owed Plaintiffs a fiduciary duty"); ECF No. 168 at 18-19.  As such, the Equity Defendants' argument against apportionment is unavailing.

11

The Court finds that the non-assumpsit claims asserted against the Equity Defendants are not inextricably linked to or derivative of the breach of contract claim and apportions fees as follows.  None of the fees incurred prior to the filing of the Third Amended Complaint on May 30, 2012, are recoverable because, as noted above, Plaintiffs did not assert the breach of contract claim until the filing of the Third Amended Complaint.  See ECF No. 130.  Additionally, only a portion of the fees incurred after the filing of the Third Amended Complaint are recoverable because all of the Equity Defendants' counsel's time was not dedicated to the one contract claim.  Indeed, only two paragraphs of the Equity Defendants' motion to dismiss the Third Amended Complaint and only two pages of the Equity Defendants' motion to dismiss the Fourth Amended Complaint were dedicated to this claim.  See ECF No. 134-1 at 7-8; ECF No. 164-1 at 8-10.  After carefully reviewing the billing records provided by the Equity Defendants and the allegations asserted as to each claim, the Court concludes that the fees award should be reduced by eighty percent to account for work completed on claims for which the Equity Defendants are not entitled to attorneys' fees.  See, e.g., Pascual v. Aurora Loan Services, LLC, Civil No. 10-00759 JMS-KSC, 2012 WL 5881972, at *6 (D. Haw. Oct. 31, 2012) (reducing fees awarded by 90% to account for work on non-assumpsit claims), adopted by 2012 WL 5881858 (D. Haw. Nov. 21, 2012); Ko Olina

12

Dev., LLC v. Centex Homes, CV. NO. 09-00272 DAE-LEK, 2011 WL
1235548 at *7-8 (D. Haw. Mar. 29, 2011) (reducing fees awarded by
20% to account for work on non-assumpsit claims).

### 2.  Claims Against the Bank Defendants

        The Bank Defendants' assert two arguments regarding
their entitlement to attorneys' fees under the assumpsit
provision of Section 607-14.  First, the Bank Defendants argue
that they are entitled to all of their attorneys' fees because
the relief requested by Plaintiffs transformed this entire action
into one in the nature of assumpsit.  ECF No. 173 at 13; ECF No.
201 at 4-5.  Second, the Bank Defendants alternatively argue that
the assumpsit and non-assumpsit claims are inextricably linked
and they are entitled to attorneys' fees for defending the entire
action or some apportionment may be appropriate.  Id. at 14-21.
The Court addresses both arguments in turn.

### a.  The Relief Requested Does Not Make This Case an Action in the Nature of Assumpsit.

        The Bank Defendants concede that the Third Amended
Complaint and Fourth Amended Complaint do not assert any claims
in the nature of assumpsit against them.  ECF No. 173 at 8, 9.
However, the Bank Defendants argue that they are nevertheless
entitled to attorneys' fees for the entire action because of the
relief requested by Plaintiffs.  ECF No. 173 at 13, 16-17.  In
the prior complaints, Plaintiffs asked the Court to void or

13

cancel the assignment of the note and mortgage, sought reimbursement of all monies paid, and requested rescission of the note, mortgage, assignment, and any documentation "pertaining to fraudulent foreclosure proceedings." ECF No. 1 at 14-15, 23; see also ECF No. 23 at 65; ECF No. 34-9 at 61; ECF No. 130 at 30. The Bank Defendants acknowledge that the Fourth Amended Complaint does not contain a request for rescission, but instead asks for declaratory judgment that the Bank Defendants are not entitled to enforce the note and mortgage. ECF No. 173 at 13; ECF No. 158 at 38.

After examining the entirety of the claims asserted against the Bank Defendants and the relief requested by Plaintiffs, the Court finds that the relief requested by Plaintiffs does not transform this action into one in the nature of assumpsit. Even where the plaintiff sought "reformation and rescission" of an agreement, the Hawaii Supreme Court has held that the action was not in the nature of assumpsit where the claims stemmed primarily from "allegations of fraud, breach of fiduciary duty, and numerous statutory violations." TSA, 92 Haw. at 249, 990 P.2d at 719. Similarly, the core allegations against the Bank Defendants in this action involved violations of numerous statutory duties and tort claims related to fraudulent activities. Specifically, Plaintiffs alleged that the Bank Defendants violated the Truth in Lending Act, the Real Estate

14

Settlement Procedures Act, the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, federal and state RICO Acts, and Hawaii's Unfair and Deceptive Acts and Practices statute. See ECF No. 1; ECF No. 34-9; ECF No. 130; ECF No. 158. Plaintiffs also asserted various tort claims against the Bank Defendants.  The allegations were that the assignment of the note and mortgage was unlawful and that the Bank Defendants fraudulently proceeded to foreclose on the subject property.  See ECF No. 1 (asserting claims for wrongful foreclosure, conspiracy, misrepresentation/fraudulent inducement, and negligence); ECF No. 23 (asserting claim for wrongful foreclosure); ECF No. 34-9 (asserting claims for wrongful foreclosure, misrepresentation/ fraudulent inducement, and negligence); ECF No. 130 (asserting claims for wrongful foreclosure and misrepresentation/fraudulent inducement); ECF No. 158 at 33-34 (asserting claim for wrongful foreclosure).  Although these claims relate to the note and mortgage, the Fourth Amended Complaint did not allege that the Bank Defendants breached the note or mortgage and or seek damages based on the breach of any obligation arising out of the note or mortgage.  Plaintiffs' primary allegations against the Bank Defendants were that they violated statutory duties and lacked authority to foreclose because they had no relationship to the note and mortgage.  The Court rejects the Bank Defendants' argument that the relief requested by Plaintiffs transformed this

entire action into one in the nature of assumpsit.  See Romero v. Hariri, 80 Haw. 450, 459, 911 P.2d 85, 94 (Haw. App. 1996) (holding that an action that challenged the validity of a contract based on fraud where the plaintiff sought a declaration that the contract was void was "one in tort" because the claim did not arise out of the contract or breach thereof); Pascual v. Aurora Loan Servs. LLC, Civ. No. 10-00759 JMS-KSC, 2012 WL 5881972, at *5 (D. Haw. Oct. 31, 2012), adopted by 2012 WL 5881858 (D. Haw. Nov. 21, 2012) (holding that the action was not in the nature of assumpsit where the plaintiff's primary allegations were that the defendant was not the legal mortgagee and lacked authority to enforce the assignment of the mortgage).

   **b.  The Bank Defendants are the Prevailing Parties on One Assumpsit Claim.**

      The Bank Defendants assert that they prevailed on the assumpsit claims asserted by Plaintiffs in the original Complaint, the First Amended Complaint, and the Second Amended Complaint.  The Court finds that the Bank Defendants prevailed on one assumpsit claim asserted in the First and Second Amended Complaint.  Regarding the original Complaint, Plaintiffs asserted eleven non-assumpsit claims asserted against the Bank Defendants and two assumpsit claims:  breach of the covenant of good faith and fair dealing in relation to the note and mortgage and for unjust enrichment.  ECF No. 1 at 20, 22.  Although the two claims

16

are in the nature of assumpsit, these claims were dropped by Plaintiffs when they filed a First Amended Complaint before the Bank Defendants responded to the original Complaint.  See ECF No. 23.  The Court is not persuaded to consider these dropped claims in determining whether the Bank Defendants are entitled to attorneys' fees.  The authority cited by the Bank Defendants stand for the proposition that a party is considered a prevailing party for purposes of Section 607-14 if they obtained a voluntarily dismissal of assumpsit claims.  See ECF No. 173-1 at 18 (citing Pascual, 2012 WL 5881972, at *6-*7; Ranger Ins., 103 Haw. at 31, 79 P.3d at 124).  Here, unlike those cases, there was no dismissal entered by the court as to these claims.  Rather, Plaintiffs voluntarily dropped these claims when filing an amended complaint before any defendant had responded to the original Complaint.  The Court does not consider these claims in awarding attorneys fees under Section 607-14.

In the First and Second Amended Complaint, Plaintiffs asserted a claim for breach of contract / breach of the covenant of good faith and fair dealing as to the servicer participation agreement between CMS and the United States government.  See ECF No. 23 at ¶¶ 165-171; ECF No. 34-9 ¶¶ 136-138.  The court granted summary judgment in favor of the Bank Defendants on that claim on April 30, 2012.  ECF No. 119 at 37.  Plaintiffs' motion for reconsideration of that order was denied on July 31, 2012.  ECF

17

No. 152.  Accordingly, the Bank Defendants are the prevailing
parties as to that one claim, which is in the nature of
assumpsit.  As discussed above, the remaining claims asserted
against the Bank Defendants in this action for various statutory
violations and tortious conduct are not in the nature of
assumpsit.

###      c.  Apportionment is Practicable and Necessary.

Having found that the Bank Defendants are the
prevailing party on one assumpsit claim asserted against them in
the Second Amended Complaint, the Court must now consider whether
apportionment is appropriate.  The Court finds that apportionment
is both practicable and necessary.  The numerous non-assumpsit
claims asserted against the Bank Defendants are not inextricably
intertwined with the claim for breach of contract / breach of the
covenant of good faith and fair dealing as to the servicer
participation agreement between CMS and the United States
government.  The Bank Defendants prevailed on this claim on July
31, 2012, when the court denied Plaintiffs' motion to reconsider
the order granting summary judgment in the Bank Defendants' favor
on this claim.  It is therefore practicable to limit the fees
awarded to fees incurred prior to July 31, 2012.  Additionally,
only a portion of the fees incurred prior to July 31, 2012, are
recoverable because all of the Bank Defendants' counsel's time
was not dedicated to the one assumpsit claim.  As detailed above,

the majority of claims asserted against the Bank Defendants related to allegations of statutory violations and tortious conduct.   The Bank Defendants' motion for summary judgment only included two paragraphs regarding the contract claim; the other 22 pages of argument were devoted to the non-assumpsit claims. See ECF No. 83-1 at 17-18.   Finally, even after this one assumpsit claim was defeated, Plaintiffs continued to assert several of the same non-assumpsit claims against the Bank Defendants, including claims for violation of the Fair Debt Collection Practices Act, violations of federal and state RICO Acts, fraud, and wrongful foreclosure.   See ECF Nos. 130, 158. This indicates that these non-assumpsit claims were based on different legal theories and were not derivative of the assumpsit claim or inextricably intertwined with the assumpsit claim.

After carefully reviewing the billing records provided by the Bank Defendants and the allegations asserted as to each claim, the Court finds that the Bank Defendants are entitled to a portion of their fees incurred prior to July 31, 2012, the date on which the court denied Plaintiffs' motion for reconsideration of the order that granted summary judgment on the one assumpsit claim against the Bank Defendants.   Additionally, the fees awarded for work completed prior to July 31, 2012, are reduced by ninety percent to account for work completed on non-assumpsit claims for which the Bank Defendants are not entitled to

attorneys' fees.

**C.  This is Not an Action on a Contract that Provides for Attorneys' Fees.**

The Bank Defendants alternatively seek an award of fees under the provision of Section 607-14 that provides that attorneys' fees shall be awarded "in all actions on a promissory note or other contract in writing that provides for an attorney's fee."  Haw. Rev. Stat. § 607-14; ECF No. 173-1 at 15.  The Bank Defendants assert that they are entitled to attorneys' fees in accordance with the provisions in the mortgage and note, which reference the lender's ability to recover attorneys' fees.  See ECF No. 84-5 at 4; ECF No. 84-6 at 7-8 and 13.

Section 607-14 only authorizes an award of attorneys' fees in actions "on a . . . contract in writing that provides an attorney's fee."  Haw. Rev. Stat. § 607-14.  Although the mortgage and note contain attorneys' fees provisions, the Court finds that this action is not an action on said contracts.  The original Complaint did contain one claim for breach of the duty of good faith and fair dealing under the note and mortgage.  See ECF No. 1 ¶ 111.  However, as discussed above, this one claim was voluntarily dropped by Plaintiffs when they filed an amended complaint before any defendants had responded to the original Complaint.  The inclusion of one claim in the original Complaint that Plaintiffs voluntarily dropped from all later complaints is

not sufficient to make this action "on a contract" for purposes of Section 607-14.  The contract claim asserted in the First Amended Complaint and Second Amended Complaint related to the servicer participation agreement, <u>not</u> to the note and mortgage. ECF No. 34-9 at 45-47.  Further, as acknowledged by the Bank Defendants in their Motion, the Third Amended Complaint and the Fourth Amended Complaint did not contain any assumpsit claims related to the note and mortgage.  ECF No. 173 at 8, 9.  As discussed above, the claims against the Bank Defendants were based on alleged statutory violations and the tortious conduct related to assignment and foreclosure.  Although the claims against the Bank Defendants related to the note and mortgage, this action is not based on the note or mortgage.  See <u>Benoist v. U.S. Bank Nat. Ass'n</u>, Civil No. 10-00350 JMS-KSC, 2013 WL 704865, at *4-*6 (D. Haw. Jan. 28, 2013), *adopted by* 2013 WL 705100 (D. Haw. Feb 25, 2013) (finding that the action was not "on a contract" under Section 607-14 where plaintiff alleged that the bank defendants did not have legal authority to foreclose and made misrepresentations related to the foreclosure).  Because this action was not based on the mortgage and note, the Bank Defendants are not entitled to attorneys' fees under Section 607-14.

II. <u>Calculation of Attorneys' Fees</u>

Section 607-14 requires the Court to calculate the

reasonableness of fees requested by Defendants.  See Haw. Rev. Stat. § 607-14.  Hawaii courts calculate the reasonableness of attorneys' fees based on the a method that is nearly identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See DFS Group L.P. v. Paiea Props., 100 Haw. 217, 212, 131 P.3d 500, 505 (Haw. 2006).  The Court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate.  See id. at 222-23, 131 P.3d at 505-06.  In addition, a court may consider, but is not required to consider, several factors including the time and labor required, the difficulty of the suit, the amount in controversy, the certainty of compensation, and the nature of the attorney-client relationship.  Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw., 106 Haw. 416, 435, 106 P.3d 339, 358 (Haw. 2005)(citations omitted).  In certain types of cases, these factors may justify applying a multiplier to the "lodestar" amount.  See Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw., 92 Haw. 432, 442, 992 P.2d 127, 137 (Haw. 2000).

## A.   Fees Requested by the Equity Defendants

The Equity Defendants request the following attorneys' fees for work performed by their counsel after the Third Amended Complaint was filed:

| ATTORNEY | HOURS | RATE | TOTAL |
|----------|-------|------|-------|
| Audrey M. Yap | 75.0 | $200.00 | $15,000.00 |

| Regan M. Iwao | 1.9 | $275.00 | $522.50 |
|---|---|---|---|
| **TOTAL** | | | **$15,522.50** |

1. <u>Reasonable Hourly Rate</u>

Hawaii courts consider the reasonable hourly rate in a manner virtually identical to the traditional lodestar formulation, and some Hawaii state courts have considered federal law in determining a reasonable hourly rate. <u>See, e.g.</u>, <u>Reiche v. Ferrera</u>, No. 24449, 2003 WL 139608, at *8 (Haw. Ct. App. Jan. 16, 2003) ("The reasonable hourly rate is that prevailing in the community for similar work.") (citing <u>United States v. Metro. Dist. Comm'n</u>, 847 F.2d 12, 19 (1st Cir. 1988)).  The Court finds that federal case law on the determination of a reasonable hourly rate is instructive in this case.

Courts consider the experience, skill, and reputation of the attorney requesting the fee in determining the reasonableness of an hourly rate. <u>See</u> <u>Webb v. Ada County</u>, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community. <u>See id.</u>; <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir. 1992), <u>as amended on denial of reh'g</u>, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"); <u>see</u> <u>also</u> <u>Chun</u>, 106 Haw. at 435, 106 P.3d at 358 (listing "the customary charges of the Bar for similar services" as a factor that may be considered).  The fee applicant has the

burden to produce satisfactory evidence, in addition to an affidavit, demonstrating that the requested hourly rate reflects prevailing community rates for similar services. See Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987).

Plaintiffs do not object to the rates requested by the Equity Defendants, but instead question the declaration of counsel submitted in support of the Equity Defendants' Motion. See ECF No. 194 at 11-12.  Plaintiffs' arguments regarding the declaration of counsel are unfounded.  The declaration complies with all of the requirements of Local Rule 54.3(e) and was based on the personal knowledge of the attorney that was responsible for the majority of the work on this case.  See ECF No. 170-2 ¶ 8.C.  In addition to counsel's declaration, the Equity Defendants also provided an excerpt from Pacific Business News' Book of Lists that reflects the range of hourly rates for laws in Hawaii law firms.  ECF No. 170-4.

Based on the Court's review of the material provided by the Equity Defendants and the Court's knowledge of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation, the Court finds that the hourly rates requested for Audrey M. Yap, Esq. and Regan M. Iwao, Esq. are slightly excessive.  The Equity Defendants request an hourly rate of $200 for Ms. Yap, a fifth-year litigation associate, and $275 for Mr. Iwao, a partner with

24

12 years of litigation experience.  See ECF No. 170-2 ¶¶ 8.B,

8.C.  The Court reduces the requested hourly rates and concludes

that the following hourly rates are reasonable:  Ms. Yap - $175;

Mr. Iwao - $250.  See, e.g., Au v. The Funding Group, Inc., No.

CV 11-00541 SOM-KSC, 2013 WL 1187919, at *8 (D. Haw. Mar. 21,

2013) (adopting finding that $165 is a reasonable hourly rate for

an attorney with six years of experience); Shea v. Kahuku Housing

Foundation, Inc., Civil No. 09-00480 LEK-RLP, 2011 WL 1261150, at

*7 (D. Haw. Mar. 31, 2011) (finding that $240 is a reasonable

hourly rate for an attorney with twelve years of experience).

    2.  Reasonable Hours Spent

For the same reasons discussed above, the Court finds

federal case law on the determination of reasonable hours spent

is instructive in this case.  A prevailing party seeking

attorneys' fees bears the burden of proving that the fees and

costs taxed are associated with the relief requested and are

reasonably necessary to achieve the results obtained.  See Tirona

v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw.

1993) (citations omitted); see also Sharp v. Hui Wahine, 49 Haw.

241, 247, 413 P.2d 242, 246 (Haw. 1966) (the party requesting

fees has the burden to prove that the requested fees were

reasonably and necessarily incurred).  The court must guard

against awarding fees and costs which are excessive and must

determine which fees and costs were self-imposed and avoidable.

See <u>Tirona</u>, 821 F. Supp. at 637 (citing <u>INVST Fin. Group v. Chem-Nuclear Sys.</u>, 815 F.2d 391, 404 (6th Cir. 1987), <u>cert. denied</u>, 484 U.S. 927(1987)).  Time spent on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. See <u>Gates</u>, 987 F.2d at 1399 (quoting <u>Hensley</u>, 461 U.S. at 433-34).

Plaintiffs do not challenge the hours requested by the Equity Defendants.  <u>See</u> ECF No. 194.  The Court has carefully reviewed the billing records provided by the Equity Defendants and finds that all of the time requested for work performed after May 30, 2012, the date on which the Third Amended Complaint was filed, was reasonably and necessarily incurred.

Accordingly, the Court FINDS and RECOMMENDS that the district court award the Equity Defendants the following attorneys' fees:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Audrey M. Yap | 75.0 | $175.00 | $13,125.00 |
| Regan M. Iwao | 1.9 | $250.00 | $475.00 |
| | | SUBTOTAL | $13,600.00 |
| *Reduction of 80% for apportionment between assumpsit and non-assumpsit claims* | | | |
| | | Pre-tax subtotal | $2,720.00 |
| | | Hawaii General Excise Tax 4.71% | $128.11 |
| | | **TOTAL** | **$2,848.11** |

26

### B.  Fees Requested by the Bank Defendants

The Bank Defendants request the following attorneys' fees for work performed by their counsel before July 31, 2012, the date on which Plaintiffs' motion for reconsideration of the order dismissing the Second Amended Complaint was denied:

| ATTORNEY | HOURS | RATE | TOTAL |
|----------|-------|------|-------|
| Cheryl A. Nakamura | 196.6 | $250.00 | $49,150.00 |
| Jason M. Tani | 47.6 | $235.00 | $11,186.00 |
| Lisa Strandtman | 185.6 | $230.00 | $42,688.00 |
| Shimpei Oki | 41.1 | $140.00 | $5,754.00 |
| TOTAL | | | $108,778.00 |

### 1.  Reasonable Hourly Rate

Plaintiffs do not challenge the hourly rates requested for the Bank Defendants' counsel.  Based on the Court's review of the material provided by the Bank Defendants and the Court's knowledge of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation, the Court finds that the hourly rates requested by counsel for the Bank Defendants are manifestly reasonable.

### 2.  Reasonable Hours Spent

Plaintiffs do not challenge any specific time entries for work performed by counsel for the Bank Defendants.  Instead, Plaintiffs generally state that the fees requested are excessive. See ECF No. 196 at 16.  The Court has carefully reviewed the

27

billing records provided by the Equity Defendants and finds that all of the time requested for work performed before July 31, 2012, was reasonably and necessarily incurred.

Accordingly, the Court FINDS and RECOMMENDS that the district court award the Bank Defendants the following attorneys' fees:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Cheryl A. Nakamura | 196.6 | $250.00 | $49,150.00 |
| Jason M. Tani | 47.6 | $235.00 | $11,186.00 |
| Lisa Strandtman | 185.6 | $230.00 | $42,688.00 |
| Shimpei Oki | 41.1 | $140.00 | $5,754.00 |
| | | Subtotal | $108,778.00 |
| *Reduction of 90% for apportionment between assumpsit and non-assumpsit claims* | | | |
| | | Pre-tax subtotal | $10,877.80 |
| | | Hawaii General Excise Tax 4.71% | $512.34 |
| | | **TOTAL** | **$11,390.14** |

## IV.  Twenty-Five Percent Limitation

Section 607-14 limits the award of attorneys' fees and costs to twenty-five percent of the judgment.  Haw. Rev. Stat. § 607-14.  Because the defendants were the prevailing parties, the limit on the fee award is "assessed . . . upon the amount sued for."  Id.  The original amount of Plaintiffs' loan was $516,000.  ECF No. 158 ¶ 10.  The recommended award of attorneys' fees in this case is well below the twenty-five percent limit.

<u>CONCLUSION</u>

(1) The Court FINDS AND RECOMMENDS that the district court GRANT IN PART and DENY IN PART Defendants Equity Financial Group of Honolulu, LLC, Equity Financial, LLC, and Brad B. Kaneshiro's Motion for Attorneys' Fees.  The Court RECOMMENDS that the district court AWARD the Equity Defendants $2,848.11. The Court RECOMMENDS that the district court DENY the remainder of the Equity Defendants' Motion.

(2) The Court FINDS AND RECOMMENDS that the district court GRANT IN PART and DENY IN PART Defendants Carrington Mortgage Services, LLC and Deutsche Bank National Trust Company's Motion for Award of Attorneys' Fees.  The Court RECOMMENDS that the district court AWARD the Bank Defendants $11,390.14.  The Court RECOMMENDS that the district court DENY the remainder of the Bank Defendants' Motion.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MAY 9, 2013.

Richard L. Puglisi
United States Magistrate Judge

<u>VALENCIA, ET AL. V. CARRINGTON MORTG. SERVS., LLC, ET AL.,</u>; CIVIL NO. 10-00558 LEK-RLP; FINDINGS AND RECOMMENDATION TO (1) GRANT IN PART AND DENY IN PART THE EQUITY DEFENDANTS' MOTION FOR ATTORNEYS' FEES; AND (2) GRANT IN PART AND DENY IN PART THE BANK DEFENDANTS' MOTION FOR AWARD OF ATTORNEYS' FEES