IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WANDA VALENCIA and MARK VALENCIA, | ) ) ) | CIVIL 10-00558 LEK-RLP |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| CARRINGTON MORTGAGE SERVICES, LLC; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, FOR CARRINGTON HOME EQUITY LOAN TRUST, SERIES 2005-NC4 ASSET BACKED PASS THROUGH CERTIFICATES; EQUITY FINANCIAL GROUP OF HONOLULU, LLC; EQUITY FINANCIAL LLC; BRAD B. KANESHIRO, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**AMENDED ORDER (1) GRANTING IN PART AND DENYING
IN PART DEFENDANTS EQUITY FINANCIAL GROUP
OF HONOLULU, LLC, EQUITY FINANCIAL, LLC AND
BRAD B. KANESHIRO'S OBJECTIONS TO THE MAGISTRATE
JUDGE'S FINDINGS AND RECOMMENDATION, (2) DENYING
PLAINTIFFS' OBJECTIONS TO FINDINGS AND
RECOMMENDATION, (3) DENYING DEFENDANTS CARRINGTON
MORTGAGE SERVICES, LLC, AND DEUTSCHE BANK
NATIONAL TRUST COMPANY'S CROSS-OBJECTIONS
TO PLAINTIFFS' OBJECTIONS TO FINDINGS AND
RECOMMENDATION, AND (4) ADOPTING THE FINDINGS
AND RECOMMENDATION AS MODIFIED**

On May 9, 2013, the magistrate judge filed his Findings

and Recommendation to (1) Grant in Part and Deny in Part

Defendants Equity Financial Group of Honolulu, LLC, Equity

Financial, LLC and Brad B. Kaneshiro's ("Equity Defendants")

Motion for Attorneys' Fees; and (2) Grant in Part and Deny in

Part Defendant Carrington Mortgage Services, LLC ("CMS") and Deutsche Bank National Trust Company's ("DBNT") (collectively, "Bank Defendants")[1] Motion for Award of Attorneys' Fees ("F&R"). [Dkt. no. 207.]  On May 20, 2013, the Equity Defendants filed objections to the F&R ("Equity Defendants' Objections").  [Dkt. no. 211.]  On May 22, 2013, pro se Plaintiffs Wanda and Mark Valencia ("Plaintiffs") filed their objections to the F&R ("Plaintiffs' Objections").  [Dkt. no. 212.]  On May 28, 2013, the Bank Defendants filed their cross-objections to Plaintiffs' Objections ("Cross-Objections").  [Dkt. no. 213.]  The Court finds these matters suitable for disposition without a hearing pursuant to Rules LR7.2(d) and LR74.2 of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the parties' submissions and the relevant legal authority, the Court HEREBY GRANTS IN PART AND DENIES IN PART the Equity Defendant's Objections, DENIES Plaintiffs' Objections, DENIES the Bank Defendants' Cross-Objections, and MODIFIES the magistrate judge's F&R for the reasons set forth below.

## BACKGROUND

On January 29, 2013, this Court issued its Order Granting (1) Defendants Carrington Mortgage Services, LLC and

---

[1] The Bank Defendants and Equity Defendants are referred to collectively as "Defendants" throughout.

2

Deutsche Bank National Trust Company's Motion to Dismiss the

Fourth Amended Complaint Filed 9/14/12 as Against Movants; and

(2) Defendants Equity Financial Group of Honolulu, LLC, Equity

Financial, LLC, and Brad B. Kaneshiro's Motion to Dismiss the

Fourth Amended Complaint Filed on September 14, 2012 ("1/29/13

Order"). Valencia v. Carrington Mortg. Servs., LLC, 2013 WL

375643 (D. Hawai`i Jan. 29, 2013).   In the 1/29/13 Order, the

Court granted Defendants' unopposed motions to dismiss the Fourth

Amended Complaint with prejudice, finding that Plaintiffs had

failed to cure the many defects in their complaint, despite

having numerous opportunities to do so.   Id.   The Court issued

judgment in favor of Defendants on January 30, 2013.   [Dkt. no.

169.]

## I.   Motions For Attorneys' Fees

### A.   Equity Defendants' Motion

On February 12, 2013, the Equity Defendants filed a

Motion for Attorneys' Fees ("Equity Defendants' Motion").   [Dkt.

no. 170.]   The Equity Defendants requested the following fees,

pursuant to Haw. Rev. Stat. § 607-14[2]:

---

[2] Haw. Rev. Stat. § 607-14 provides in part:

In all the courts, in all actions in the nature of
assumpsit . . . there shall be taxed as attorneys'
fees, to be paid by the losing party and to be
included in the sum for which execution may issue,
a fee that the court determines to be reasonable
. . . . The court shall then tax attorneys' fees,
(continued...)

| Name | Hours | Rate | Total |
|---|---|---|---|
| Peter T. Kashiwa | 2.6 | $350.00 | $910.00 |
| Regan M. Iwao | 8.4 | $275.00 | $2,310.00 |
| Audrey M. Yap | 168.9 | $200.00 | $33,780.00 |
| Tax (4.71%) | | | $1,742.71 |
| **Total** | | | **$38,742.71** |

The magistrate judge found and recommended that only Count I of the Fourth Amended Complaint (Breach of Contract/Breach of Covenant of Good Faith and Fair Dealing) is a claim in the nature of assumpsit, as required for an award of fees pursuant to Haw. Rev. Stat. § 607-14. [F&R at 7.] The magistrate judge further found and recommended that the non-assumpsit claims asserted against the Equity Defendants were not inextricably linked to or derivative of the breach of contract claim and therefore found that apportionment of the fees claimed between assumpsit and non-assumpsit claims was practicable and necessary. The magistrate judge also found that the breach of contract claim was not raised until the filing of the Third Amended Complaint on May 30, 2012 and, therefore, no fees incurred prior to that date were recoverable. [Id. at 12.] The

---

[2](...continued)
which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five percent of the judgment . . . [or] the amount sued for if the defendant obtains judgment.

4

magistrate judge therefore determined that the fees award should
be reduced by eighty percent to account for work completed on
claims for which the Equity Defendants are not entitled to
attorneys' fees.  [Id.]

The magistrate judge found the hourly rates requested
for Audrey M. Yap, Esq. ($200), and Regan M. Iwao, Esq. ($275) to
be slightly excessive and therefore reduced them to $175 for
Ms. Yap, a fifth-year litigation associate, and $250 for
Mr. Iwao, a partner with twelve years of litigation experience.
[Id. at 24-25.]  Plaintiffs did not challenge the hours requested
by the Equity Defendants, and the magistrate judge found that the
time requested for work performed after May 30, 2012 was
reasonably and necessarily incurred.  [Id. at 26.]  The
magistrate judge found and recommended that the Equity Defendants
be awarded the following fees:

| Name | Hours | Rate | Total |
|------|-------|------|-------|
| Audrey M. Yap | 75.0 | $175.00 | $13,125.00 |
| Regan M. Iwao | 1.9 | $250.00 | $475.00 |
| Subtotal | | | $13,600.00 |
| Subtotal with 80% reduction for apportionment | | | $2,720.00 |
| Tax (4.71%) | | | $128.11 |
| **Total** | | | **$2,848.11** |

[Id. at 26.]

**B.  Bank Defendants' Motion**

On February 13, 2013, the Bank Defendants filed a

Motion for Award of Attorneys' Fees ("Bank Defendants' Motion"). [Dkt. no. 173.]  The Bank Defendants requested the following attorneys' fees for work performed by their counsel:

| Name | Hours | Rate | Total |
|------|-------|------|-------|
| Cheryl Nakamura | 216.3 | $250.00 | $54,075.00 |
| Jason M. Tani | 47.6 | $235.00 | $11,186.00 |
| Lisa Strandtman | 237.7 | $230.00 | $54,671.00[3] |
| Shimpei Oki | 41.1 | $140.00 | $5,754.00 |
| **Total** | | | **$125,686.00** |

The Bank Defendants conceded in their motion for attorneys' fees that the Third Amended Complaint and the Fourth Amended Complaint did not assert any claims in the nature of assumpsit against them, but argued that they were nonetheless entitled to fees pursuant to Haw. Rev. Stat. § 607-14 because the relief requested by Plaintiffs transformed the entire action against them into one in the nature of assumpsit or, in the alternative, the assumpsit and non-assumpsit claims are inextricably linked.  The magistrate judge found that the requested relief did not transform the action into one in the nature of assumpsit, as Plaintiffs' primary allegations against

---

[3] It appears the Bank Defendants miscalculated the total dollar amount of fees for the work of Lisa Strandtman.  Based on her hours worked and hourly rate, the Court calculates a fee of $54,671.00.  The Bank Defendants state the total as $54,686.50.  Their total fees requested is accordingly slightly higher than the Court's calculated fee.

the Bank Defendants were that they violated statutory duties and lacked authority to foreclose because they had no relationship to the note and mortgage.  [Id. at 14-16.]

The magistrate judge found that the Bank Defendants prevailed on one assumpsit claim (breach of contract/breach of the covenant of good faith and fair dealing as to the servicer participation agreement between CMS and the United States government) asserted in the First and Second Amended Complaints when, on July 31, 2012, this district court denied Plaintiffs' motion for reconsideration of this district court's order granting summary judgment in favor of the Bank Defendants on that claim.  [Dkt. no. 152.]  The magistrate judge determined that the Bank Defendants were therefore entitled to the portion of their fees incurred prior to July 31, 2012.  The magistrate judge further found and recommended that apportionment was practicable and necessary, and that the Bank Defendants could only recover for that portion of attorneys' fees incurred in defense of the assumpsit claim.  [F&R at 17-19.]  The magistrate judge therefore determined that the fees award should be reduced by ninety percent to account for work completed on claims for which the Bank Defendants are not entitled to attorneys' fees.  [Id.]

The magistrate judge rejected the Bank Defendants' argument that they are entitled to attorneys' fees pursuant to Haw. Rev. Stat. § 607-14 in accordance with the provisions in the

mortgage and note, which reference the lender's ability to recover attorneys' fees, finding that the underlying action was not based on the mortgage and note as contracts.  [Id. at 20.]

Plaintiffs did not challenge the hourly rates requested, and the magistrate judge found and recommended that they were manifestly reasonable.  [Id. at 27.]  Plaintiffs generally argued that the fees requested were excessive, but the magistrate judge found that all of the time requested for work performed before July 31, 2012 was reasonably and necessarily incurred.  [Id. at 27-28.]  The magistrate judge therefore found and recommended that the Bank Defendants be awarded the following fees:

| Name | Hours | Rate | Total |
|------|-------|------|-------|
| Cheryl A. Nakamura | 196.6 | $250.00 | $49,150.00 |
| Jason M. Tani | 47.6 | $235.00 | $11,186.00 |
| Lisa Strandtman | 185.6 | $230.00 | $42,688.00 |
| Shimpei Oki | 41.1 | $140.00 | $5,754.00 |
| Subtotal | | | $108,778.00 |
| Subtotal with 80% reduction for apportionment | | | $10,877.80 |
| Tax (4.71%) | | | $512.34 |
| **Total** | | | **$11,390.14** |

[Id. at 28.]

The magistrate judge noted that the fee award pursuant to Haw. Rev. Stat. § 607-14 is limited to twenty-five percent of the judgment, based upon the amount sued for.  The magistrate

8

judge found that the recommended award of attorneys' fees is well below twenty-five percent of the original amount of Plaintiff's loan, $516,000. [Id. at 28.]

## II.  Objections

### A.  Equity Defendants' Objections

The Equity Defendants first object to the F&R insofar as it denies them any attorneys' fees incurred prior to the filing of the Third Amended Complaint on May 30, 2012.  The Equity Defendants argue that Plaintiffs asserted claims for breach of contract/breach of the covenant of good faith and fair dealing (assumpsit claims) against all Defendants in the Second Amended Complaint.  As such, the Equity Defendants argue, the fee award should not be limited to fees incurred after May 30, 2012. [Equity Defendants' Objections at 6-7.]

The Equity Defendants next object to the magistrate judge's apportionment of fees between assumpsit and non-assumpsit claims, arguing that the essential character of the entire action was in assumpsit and, as such, fees should be available as to all claims. [Id. at 7-9.]  The Equity Defendants further argue that, if fees are to be apportioned, the eighty percent reduction recommended by the magistrate judge is unreasonable: because two of the seven causes of action asserted in the Fourth Amended Complaint sound in assumpsit, the Equity Defendants argue, at least twenty-nine percent of the fees should be awarded. [Id. at

9-10.]  The Equity Defendants assert that at least five of the seven causes of action sound in assumpsit and, as such, a proportional apportionment of fees would result in an award of at least seventy-one of their requested fees.  [Id. at 10-11.]

Finally, the Equity Defendants argue that their requested hourly rates are reasonable and in line with current hourly rates charged in the community.  [Id. at 11-12.]

B.    **Plaintiffs' Objections**

Plaintiffs argue that the underlying action did not involve any claims in the nature of assumpsit and, as such, the Defendants are not entitled to fees pursuant to Haw. Rev. Stat. § 607-14.  Specifically, Plaintiffs argue that they were not trying to enforce the terms of any contract but, rather, that the underlying suit involved allegations of torts and violations of federal statutes arising out of the alleged fraud committed by the brokers by falsifying income and employment information, and fraudulently assigning the note and mortgage.  [Plaintiffs' Objections at 2-3.]  Plaintiffs argue that the Hawai`i Supreme Court case of TSA International Ltd. v. Shimizu Corp. supports their assertion that the suit did not involve enforcement of a contract and, thus, did not sound in assumpsit.  [Id. at 3-4 (citing TSA Int'l Ltd. v. Shimizu Corp., 92 Hawai`i 243, 264, 990 P.2d 713, 734 (1999)).]

Plaintiffs further argue that the fees requested were unreasonable and excessive. [Id. at 4-5.]

## C.  **Bank Defendants' Cross-Objections**

The Bank Defendants first note that Plaintiffs' Objections must fail, as they fail to specify which portions of the magistrate judge's findings and recommendations to which they object, and fail to demonstrate that the magistrate judge's findings and recommendations were incorrect. [Cross-Objections at 4-6.]

The Bank Defendants object to the F&R, arguing that the parties' agreement in the mortgage is a separate basis for an award, independent of Haw. Rev. Stat. § 607-14. The Bank Defendants note that they asserted three alternative grounds for an award of attorneys' fees: two pursuant to Haw. Rev. Stat. § 607-14, and one pursuant to the attorneys' fee provision in the mortgage. [Id. at 6-7.] The Bank Defendants argue that, by failing to oppose the third argument, Plaintiffs "acknowledge Bank Defendants' contractual right to an award of fees." [Id. at 7.] The Bank Defendants argue that the mortgage agreement entitles them to attorneys' fees regardless of whether the underlying action was based on a contract, and that the F&R failed to address this argument. [Id. at 7-9.]

The Bank Defendants note that the mortgage states that they may recover fees incurred in any "legal proceeding that

11

might significant affect Lender's interest in the Property and/or
rights under this Security Instrument," and argue that the
underlying case was just such a proceeding, as Plaintiffs sought
to enjoin foreclosure and strip the Bank Defendants of their
right to enforce the note and mortgage by having them rescinded
and expunged from the Bureau of Conveyances.  [Id. at 10 (quoting
Bank Defendants' Concise Statement of Facts in Support of the
Motion for Summary Judgment on All Claims Against Movants, filed
12/21/11 (dkt. no. 84), Decl. of Jason M. Tani ("Tani Decl."),
Exh. D (Mortgage), at 7-8).]  As such, the Bank Defendants argue
that they are entitled to fees based on the language of the
mortgage, and that the fee award need not be limited by the
requirements of Haw. Rev. Stat. § 607-14.  [Id. at 11-12.]

## STANDARD

When a party objects to a magistrate judge's findings
or recommendations, the district court must review de novo those
portions to which the objections are made and "may accept,
reject, or modify, in whole or in part, the findings or
recommendations made by the magistrate judge."  28 U.S.C.
§ 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673
(1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th
Cir. 2003) (en banc) ("[T]he district judge must review the
magistrate judge's findings and recommendations de novo if
objection is made, but not otherwise.").

12

Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." <u>Freeman v. DirecTV, Inc.</u>, 457 F .3d 1001, 1004 (9th Cir. 2006); <u>United States v. Silverman</u>, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. <u>United States v. Remsing</u>, 874 F.2d 614, 616 (9th Cir. 1989).

## DISCUSSION

**I.   Equity Defendants' Objections**

   **A.   Fees Incurred Prior to the Filing of the Third Amended Complaint**

The Equity Defendants argue that, contrary to the magistrate judge's F&R, they should be awarded fees incurred prior to the filing of the Third Amended Complaint on May 30, 2012. The Court agrees.

The magistrate judge found that Plaintiffs did not assert their breach of contract claim (the claim sounding in assumpsit) against the Equity Defendants until the filing of the Third Amended Complaint. [F&R at 12.] The Court finds, however, that Plaintiffs asserted that claim against all Defendants in the Second Amended Complaint, filed on May 20, 2011. [Dkt. no. 34.]

13

Specifically, Plaintiffs claimed in their Second Amended Complaint that "Defendants Equity Financial and Kaneshiro breached their contractual duties and their covenant of good faith and fair dealing with Plaintiffs . . . ." [Dkt. no. 34-9, at 44-45.]  As such, the magistrate judge erred in limiting the recoverable fees to those incurred for the defense of the assumpsit claim after May 30, 2012.

        As such, the Court FINDS that the Equity Defendants are entitled to fees incurred for defending the assumpsit claim for the period after May 20, 2011.  The Equity Defendants' Objections are therefore GRANTED insofar as they seek an award for fees incurred prior to May 30, 2012, after the filing of the Second Amended Complaint on May 20, 2011.

        B.    **Assumpsit and Non-Assumpsit Claims**

        The Equity Defendants further argue that, contrary to the magistrate judge's findings, all of Plaintiffs' claims against them are in the nature of assumpsit.  [Equity Defendants' Objections at 1-9.]

        Plaintiffs asserted five counts against the Equity Defendants in the Fourth Amended Complaint: (1) Breach of Contract/Breach of Covenant of Good Faith and Fair Dealing/Constructive Fraud (Count I); (2) Violation of the Federal Racketeer Influenced and Corrupt Organizations ("RICO") Act (Count III); (3) Violation of the State RICO Act (Count IV);

14

(4) Breach of Fiduciary Duty (Count VI); and (5) Negligence (Count VII).  [Dkt. no. 158 (Fourth Amended Complaint) at 21-37.]

Count I is clearly in the nature of assumpsit. Plaintiffs allege that the Equity Defendants "entered into a verbal agreement" with Plaintiffs, agreeing to "act as [Plaintiffs'] loan broker and find for [Plaintiffs] a suitable mortgage lender and a mortgage loan on prevailing market terms that would be affordable to [Plaintiffs,]" and that the Equity Defendants breached this "oral contract," and that "Plaintiffs were harmed because they could not sustain the predatory loan terms they were provided." [Id. ¶¶ 16, 67.]  It is settled law in Hawai`i that "assumpsit is a common law form of action which allows for the recovery of damages for *non-performance of a contract*, either express or implied, written or verbal, as well as quasi contractual obligations." TSA Int'l, 92 Hawai`i at 264, 990 P.2d at 734 (emphasis in TSA Int'l) (quoting Schulz v. Honsador, 67 Haw. 433, 435, 690 P.2d 279, 281 (1984) (internal quotation marks omitted)); see also 808 Dev., LLC v. Murakami, 111 Hawai`i 349, 366, 141 P.3d 996, 1013 (2006).  As such, Count I is clearly an assumpsit claim.

The Equity Defendants argue that Plaintiffs' claims for breach of fiduciary duty, constructive fraud, and negligence are likewise in the nature of assumpsit.  The Court notes, however, that "[t]he mere fact that [Plaintiffs'] claims related to a

15

contract between the parties does not render a dispute between the parties an assumpsit action." See TSA Int'l, 92 Hawai`i at 264, 990 P.2d at 734.   Rather, it appears from the Fourth Amended Complaint that these claims sound in tort.   As this Court noted in its 1/29/13 Order, the basis of these claims is the allegation that the Equity Defendants acted as Plaintiffs' mortgage brokers and thus owed Plaintiffs a fiduciary duty, and that they breached that duty by failing to disclose material facts regarding the loan and by falsifying information on Plaintiffs' loan application. Valencia, 2013 WL 375643, at *8-9.   Plaintiffs' claims for breach of fiduciary duty, constructive fraud, and negligence therefore do not stem from a contractual relationship between the parties but, rather, stem from the alleged fiduciary relationship.   As such, these are not in the nature of assumpsit. See Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 886 (9th Cir. 2000) (stating that "a breach of fiduciary duty claim sounds in tort where the duties allegedly breached arise as a matter of law from the fiduciary relationship between partners and not from a contractual agreement" (citing TSA Int'l, 92 Hawai`i at 264, 990 P.2d at 734)).   Similarly, Plaintiffs' remaining claims against the Equity Defendants for violations of the federal and state RICO Acts are statutory and therefore also not in the nature of assumpsit.

In sum, the Court FINDS that only one claim in the

Fourth Amended Complaint against the Equity Defendants (Count I) is in the nature of assumpsit.  The Court therefore DENIES the Equity Defendants' Objections as to this issue.

### C.  Apportionment and the Eighty Percent Reduction

The Equity Defendants argue that, even if some of the claims are non-assumpsit claims, apportionment is impracticable, as all of the claims are inextricably intertwined.  [Equity Defendants' Objections at 1-9.]  As to the issue of apportionment, the Hawai`i Supreme Court has made clear that, "in awarding attorneys' fees in a case involving both assumpsit and non-assumpsit claims, a court must base its award of fees, if practicable, on an apportionment of the fees claimed between assumpsit and non-assumpsit claims."  TSA Int'l, 92 Hawai`i at 264, 990 P.2d at 734.  Where the assumpsit and non-assumpsit claims are so inextricably linked that apportionment is impracticable or impossible, however, courts may award reasonable attorneys' fees pursuant to Haw. Rev. Stat. § 607-14 without any apportionment.  Blair v. Inq, 96 Hawai`i 327, 333, 31 P.3d 184, 190 (2001).

Here, the Court finds that the assumpsit and non-assumpsit claims are not so inextricably linked as to render apportionment impracticable or impossible.  As discussed above, Plaintiffs' non-assumpsit claims do not derive from the alleged breach of the oral contract; rather, these are separate tort

17

claims premised on an alleged fiduciary duty that the Equity Defendants owed to Plaintiffs.  The factual underpinnings of the assumpsit and non-assumpsit claims are therefore not so intertwined as to make apportionment virtually impossible.  See, e.g., Au v. Funding Grp., Inc., Civ. No. 11-00541 SOM-KSC, 2013 WL 1154211, at *5 (D. Hawai`i Feb. 19, 2013) (finding apportionment impossible where the non-assumpsit claims were derived from the breach of contract claim).  The Court therefore FINDS that apportionment is both practicable and necessary.

The Court FINDS that apportionment of eighty percent is appropriate to account for work related to the non-assumpsit claims.  The assumpsit claim accounts for one of five claims asserted against the Equity Defendants.  Indeed, as the magistrate judge pointed out, only two paragraphs of the Equity Defendants' motion to dismiss the Third Amended Complaint and only two pages of the Equity Defendants' motion to dismiss the Fourth Amended Complaint were dedicated to this claim.  [Dkt. no. 124-1 at 7-8; dkt. no. 164-1 at 8-10.]  The Court is persuaded, after reviewing the billing records provided by the Equity Defendants and the allegations asserted as to each claim, that a reduction of the fee award by eighty percent is appropriate.[4]

---

[4] This is especially true in light of the lack of specificity with which the pro se Plaintiffs drafted each of the successive amended complaints, and the relative similarities between the successive complaints.  See Valencia, 2013 WL 375643,
(continued...)

See, e.g., Pascual v. Aurora Loan Servs., LLC, Civil No. 10-00759 JMS-KSC, 2012 WL 5881858 (D. Hawai`i Nov. 21, 2012) (adopting the magistrate judge's finding and recommendation reducing fees awarded by ninety percent to account for work on non-assumpsit claims).

    D.    **Reasonableness of Hourly Rates**

        The magistrate judge found that the hourly rates requested for Audrey M. Yap, Esq. and Regan M. Iwao, Esq. were slightly excessive.  The Equity Defendants requested an hourly rate of $200 for Ms. Yap, a fifth year litigation associate, and $275 for Mr. Iwao, a partner with twelve years of litigation experience.  [Equity Defendants' Motion for Attorneys' Fees, Decl. of Audrey M. Yap at ¶¶ 8.B, 8.C.]  The magistrate judge therefore reduced the requested hourly rates and concluded that the following hourly rates were reasonable: Ms. Yap – $175; Mr. Iwao – $250.[5]  The Equity Defendants argue that the hourly rates requested were reasonable and that the reduction was unjustified.  The Court disagrees.

---

    [4](...continued)
at *7-9.

    [5] The magistrate judge did not include an analysis of the reasonableness of the fees requested for the work of Peter T. Kashiwa, Esq., as Mr. Kashiwa appears to have done no work after the filing on the Third Amended Complaint.  As this Court has found that the Equity Defendants are entitled to fees incurred as of the filing of the Second Amended Complaint on May 20, 2011, the Court also addresses fees for Mr. Kashiwa.

In assessing whether an hourly rate is reasonable, a court "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Webb v. Ada Cnty., 285 F.3d 829, 840 (9th Cir. 2002) (citing Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986)); see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). In addition to their own statements, fee applicants are required to submit additional evidence that the rate charged is reasonable. Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987). Here, the Equity Defendants provided an excerpt from the Pacific Business News's Book of Lists that reflects the range of hourly rates for lawyers in Hawai`i law firms. [Equity Defendants' Motion for Attorneys' Fees, Decl. of Audrey M. Yap, Exh. B.]

This Court is familiar with the prevailing rates in the community and the hourly rates awarded within this district in other cases. The Court agrees with the magistrate judge and finds $250.00 to be reasonable hourly rate for Mr. Iwao, and $175.00 to be a reasonable hourly rate for Ms. Yap. In addition, the Court finds that $350.00 is a reasonable hourly rate for Mr. Kashiwa, a partner with over thirty years of experience and particular expertise in the areas of real estate, business, and

commercial transactions. See, e.g., Shea, et al. v. Kahuku Housing Found., Inc., et al., Civil No. 09-00480 LEK-RLP, 2011 WL 1261150, at *6-7 (D. Hawai`i Mar. 31, 2011) (finding $350 was a reasonable rate for an attorney with nearly forty years of experience). The Court therefore DENIES the Equity Defendants' Objections insofar as they object to the magistrate judge's determination as to the reasonableness of the hourly rates requested.

The Court therefore GRANTS IN PART AND DENIES IN PART the Equity Defendants' Objections to the F&R. Based on the Court's inclusion of fees incurred prior to May 30, 2012, but after the Second Amended Complaint was filed on May 20, 2011, and including the reduction of eighty percent, Plaintiffs are awarded the following attorneys' fees:

| Name | Hours | Rate | Total |
|------|-------|------|-------|
| Peter T. Kashiwa | 2.6 | $350.00 | $910.00 |
| Audrey M. Yap | 168.9 | $175.00 | $29,557.50 |
| Regan M. Iwao | 8.4 | $250.00 | $2,100.00 |
| Subtotal | | | $32,567.50 |
| Subtotal with 80% reduction for apportionment | | | $6,513.50 |
| Tax (4.71%) | | | $306.79 |
| **Total** | | | **$6,820.29** |

## III. Plaintiffs' Objections

Plaintiffs object to the F&R because, they argue, no fees should be awarded, as none of their claims are in the nature

of assumpsit.  As discussed above, the Court FINDS that Count I

in the Fourth Amended Complaint asserts an assumpsit claim

against the Equity Defendants.  As such, and for the reasons

discussed above, the Court DENIES Plaintiffs' Objections.  To the

extent Plaintiffs argue that the fees awarded were unreasonable

because "[n]one of the fees were incurred defending against the

enforcement of any contract, contract provisions, or contract

damages," [Plaintiffs' Objections at 4,] Plaintiffs' Objections

are likewise DENIED for the reasons stated above.

III. **Bank Defendants' Cross-Objections**

    A.   **Award of Fees Based on Agreement**

        The Bank Defendants argue that they are entitled to

attorneys' fees pursuant to the parties' agreement in the

mortgage, and that this is a separate and distinct ground for an

award of attorneys' fees independent of Haw. Rev. Stat. § 607-14.

        The Hawai`i Supreme Court has made clear that,

ordinarily, attorneys' fees cannot be awarded as damages or costs

unless "so authorized by statute, rule of court, agreement,

stipulation, or precedent." Cnty. of Hawai`i v. C & J Coupe

Family Ltd. P'ship, 124 Hawai`i 281, 306, 242 P.3d 1136, 1161

(2010) (quoting Sierra Club v. Dep't of Transp. of State of

Hawai'i, 120 Hawai'i 181, 218, 202 P.3d 1226, 1263 (2009)

(internal quotations omitted)).  As such, attorneys' fees may be

awarded pursuant to an agreement between the parties, independent

of any statutory authorization of fees.  Importantly, however, if the nature of the claim is "outside the terms of the provision providing for attorneys' fees, then the fee provision does not apply, and attorneys' fees are not authorized." Romero v. Hariri, 80 Hawai`i 450, 459, 911 P.2d 85, 94 (Ct. App. 1996) (citing Hawaiian Isles Enterp., Inc. v. City and Cnty. of Honolulu, 76 Hawai`i 487, 489, 879 P.2d 1070, 1072 (1992)).

> Here, the mortgage states:
>
>> If . . . there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument . . . Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including . . . paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument . . . ."
>>
>> . . . .
>>
>> Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument.  These amounts shall bear interest at the Note rate from the date of the disbursement and shall be payable, with such interest, upon notice from Lender or Borrower requesting payment.

[Bank Defendants' Concise Statement of Facts in Support of the Motion for Summary Judgment on All Claims Against Movants, filed 12/21/11 (dkt. no. 84), Decl. of Jason M. Tani, Exh. D (Mortgage), at 7-8.]

> The Bank Defendants argue that, contrary to the magistrate judge's finding, the attorneys' fee provision in the

mortgage provides a basis for an award of fees for all of
Plaintiffs' claims.

The Court agrees that the attorneys' fee provision in
the mortgage is broad enough to encompass all of Plaintiffs'
claims in this action.  The mortgage provides for attorneys' fees
in any "legal proceeding that might significantly affect Lender's
interest in the Property and/or rights under this Security
Instrument."  [Id.]  Here, Plaintiffs claims, had they prevailed,
would have significantly affected the Bank Defendants' interest
in the Property and/or rights under the mortgage.  In their
successive complaints, Plaintiffs sought to enjoin foreclosure
and strip the Bank Defendants of their right to enforce the note
and mortgage by having the note, mortgage, assignment of note and
mortgage, and all foreclosure notices rescinded and expunged from
the Bureau of Conveyances.[6]  Clearly, such remedies would
significantly affect the Bank Defendants' interest in the
Property and rights under the mortgage.  See Hawaiian Isles, 76
Hawai`i at 490-91 879 P.2d at 1073-74 (awarding fees pursuant to
the parties' contractual agreement because the lawsuit was
"clearly contemplated by" that agreement).

---

[6] Indeed, Plaintiffs themselves state in their objections to
the F&R that, with respect to the Bank Defendants, "[t]he case
from start to finish was about invalidating a fraudulent
assignment of the note and mortgage."  [Plaintiffs' Objections at
3.]

The Court notes, however, that the mortgage states that any amounts disbursed in protecting the Bank Defendants' rights under the mortgage, including for attorneys' fees, "shall become additional debt of Borrower secured by this Security Instrument . . . and shall be payable, with such interest, upon notice from Lender or Borrower requesting payment." [Bank Defendants' Concise Statement of Facts in Support of the Motion for Summary Judgment on All Claims Against Movants, filed 12/21/11 (dkt. no. 84), Decl. of Jason M. Tani, Exh. D (Mortgage), at 7-8.]  As such, the mortgage does not entitle the Bank Defendants to recover attorneys' fees as an award pursuant to the instant litigation.  Rather, as provided in the mortgage, the Bank Defendants may convert the amounts spent on attorneys' fees into additional debt secured by the mortgage.

As such, the Court finds that the attorneys' fee provision in the mortgage does not provide an independent basis for an award of attorneys' fees in the instant litigation.  The Court therefore DENIES the Bank Defendants' Cross-Objection and ADOPTS the magistrate judge's award of attorneys' fees in the amount of $11,390.14, pursuant to Haw. Rev. Stat. § 607-14.

## CONCLUSION

On the basis of the foregoing, the Court HEREBY GRANTS IN PART AND DENIES IN PART the Equity Defendants' Objections to the Magistrate Judge's Findings and Recommendations, filed on

May 20, 2013; (2) DENIES Plaintiffs' Objection to Findings and Recommendation; and (3) DENIES the Bank Defendants' Cross-Objections to Plaintiffs' Objection to Findings and Recommendation.  The Court HEREBY ADOPTS the Findings and Recommendation as MODIFIED by this Order.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, June 25, 2013.



                              /S/ Leslie E. Kobayashi
                              Leslie E. Kobayashi
                              United States District Judge




**WANDA VALENCIA, ET AL. V. CARRINGTON MORTGAGE SERVICES, LLC, ET AL**; CIVIL NO. 10-00558 LEK-RLP; AMENDED ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS EQUITY FINANCIAL GROUP OF HONOLULU, LLC, EQUITY FINANCIAL, LLC AND BRAD B. KANESHIRO'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION, (2) DENYING PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION, (3) DENYING DEFENDANTS CARRINGTON MORTGAGE SERVICES, LLC, AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S CROSS-OBJECTIONS TO PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION, AND (4) ADOPTING THE FINDINGS AND RECOMMENDATION AS MODIFIED